## B. F. AND ALICE PRIDGEN v. A. J. WALKER.

1. If a party place himself as witness upon the stand, and is cross-examined by the adverse party on subjects different from his examination-in-chief, and testify as to matters material for his case, the jury are not therefore bound to believe him as to such statements; but they may, considering the entire case, disregard such statements, though not contradicted.

2. See case in which the verdict of a jury disregarding a sale, where there is conflicting testimony, is allowed to stand, on appeal.

ERROR from Houston. Tried below before the Hon. Leroy W. Cooper.

Baughn and Walker having recovered a judgment against B. F. Pridgen in Houston County District Court, on March 26, 1870, had execution issued and levied on the premises in controversy, the legal title to which was at that time in Alice Pridgen, wife of B. F. Pridgen, and which she claimed as her separate property, and therefore not liable for the debts of her husband.

This land being the homestead of Alice and B. F. Pridgen, 200 acres of it were exempted from forced sale.

The undivided balance of the land (400 acres) was sold under that execution, and A. J. Walker, the defendant in error, became the purchaser. He thereupon brought the present suit, asking for a partition of the land.

Alice and B. F. Pridgen answered, alleging that the land being the separate property of Alice Pridgen, was not subject to B. F. Pridgen's debts, and that the levy and sale being unlawful, A. J. Walker, the plaintiff, acquired no title by his sheriff's deed, and was not entitled to any part of the land.

On the trial Walker proved—

1. The deed of J. H. and L. D. Sheridan to Alice Pridgen, dated January 26, 1864, for the whole of the tract in controversy.

2. The judgment of Baughn and Walker against B. F. Pridgen, rendered March 26, 1870.

3. The execution issued on said judgment on April 22, 1870, with the sheriff's return of his levy on the land in suit, "as the property of B. F. Pridgen."

4. The sheriff's deed to the defendant in error for four hundred undivided acres out of the land in suit, dated July 5, 1870.

Pridgen and wife proved—

1. The deed of L. D. and J. H. Sheridan to Alice Pridgen, dated January 26, 1864.

2. The deed from Alice Pridgen, duly joined by her husband, to A. B. Wright, dated February 12, 1869.

3. The deed of gift from A. B. Wright to Alice Pridgen, his daughter, dated April 8, 1869.

4. B. F. Pridgen was then placed on the stand, and testified that it was made publicly known at the sheriff's sale that this land was Alice Pridgen's, and not community property.

On cross-examination he stated, that "in November, 1863, he made a gift to his wife of $6000 in Confederate money, with which she bought this land; this was shortly after their marriage. His wife sold the land to her father for $500 in currency, and she received the money and disposed of it. He took the benefit of the bankrupt law; did not render in any assets. The sale by his wife to her father was negotiated by herself. At the time of making the gift of $6000 in Confederate money to his wife, he owed about $3500 for debts contracted before the war. He owed no other debts when he went into bankruptcy. The judgment of Baughn and Walker was one of his old debts. At the time of his gift to his wife he owned twenty or twenty-five likely negroes, and also $20,000 or $25,000 in Confederate money. He gave the money to his wife in good faith; owed about $2500 or $3000, and owned twenty-six likely slaves, worth $20,000, and had $25,000 in Confederate money, and was doing well."

*Hancock*, *West* & *North*, for plaintiffs in error.—We are aware of the numerous decisions of this court declaring its unwillingness to set aside the verdicts of juries.

In Ward v. Bledsoe, 32 Texas, 251, this court says:

"It is only where the verdict appears at first blush to be palpably wrong, oppressive, unjust, and subversive of legal right, that a court is justified in setting it aside."

And in Simonton v. Forrester, 35 Texas, 585, the court, alluding to that case, says:

"This language states the rule very strongly in its application to this court, and must not be held to apply to District Courts; and we here take occasion again to remark, that unless the District Courts are governed by more liberal rules in granting new trials, * * * we shall be under the necessity, in order to meet the ends of justice, to abolish the rule as above stated in our adjudications, and apply the principle which should apply in the *nisi prius* courts."

And this last case is abundantly supported by Chandler v. Meckling, 22 Texas, 41, 42, where Judge Lipscomb uses still stronger language, in commenting upon the duties of the District Courts in granting new trials.

We submit that these cases dispose of the verdict in the case at bar.

*Jackson & Jackson*, for defendant in error.

MOORE, ASSOCIATE JUSTICE.—We see nothing in the instructions given the jury by the court of which the plaintiff in error can complain. If there was, the objections to it are indicated so vaguely and indefinitely by the assignment of errors, as well as the motion for a new trial, it might be well questioned, unless it was quite apparent that it caused injustice to be done, whether the court should notice it. The necessity of specifically indicating in the record the ruling of the court to which objection is made has been repeatedly reiterated by this court.

We cannot say that the verdict is without evidence, or that the jury were not warranted in the conclusion at which they arrived, in view of all the facts and circumstnces of the case as presented to them. Although defendant in error, in his cross-examination of Pridgen, inquired as to matters about which he had not testified in examination-in-chief, yet the jury were not therefore

Opinion of the court.

bound to accept his statements as to a particular or isolated fact, however strong it must be regarded as in favor of plaintiffs in error, if it stood alone as absolutely and conclusively binding upon them. But they were authorized to consider all of his statements in connection with the other facts and circumstances before them, and form such conclusion as truth and justice demanded, in view of the entire evidence submitted to them, even if in doing so they felt constrained to conclude that the witness had been mistaken or in error in some of the statements made on his examination by defendants in error.

There being no error in the judgment of the District Court, it is therefore affirmed.

AFFIRMED.