W. W. GRAHAM ET AL. *v.* E. J. FITTS ET AL.

53  307
75  614
53  307
85  290

1. TRUSTEE'S SALE.  *Notice by posting.  Posters destroyed.*

Where a deed of trust on land provides for a sale by the trustee, on thirty days' notice of the time and place of sale, by posting the same in three or more public places in the county, the notices having been put up thirty days before the sale, it is not necessary to the valid exercise of the power of sale that the notices should have remained posted every day up to the sale.

2. SAME.  *Acts in pais.  Presumption.*

Where a sale has been made by the trustee under a trust deed, and the land conveyed by him to the purchaser at the sale, the presumption is to be indulged that the trustee did those acts *in pais* which were conditions precedent to a valid sale by him, and the burden of showing the contrary is on those who question the validity of the sale.

3. SAME.  *Notice by posting.  Notice not seen on Sunday.*

The law does not contemplate that notices of sales shall be inspected on Sunday; hence, where, under a deed of trust which required notices to be posted in three public places, one of the notices was posted on the inside of a post-office door which was open and made the notice visible six days in the week, but on Sunday being closed prevented the notice from being seen except for two hours in the forenoon, this did not render the sale invalid.

4. DEED OF TRUST.  *Sale thereunder.  Notice.  Three public places.*

Where a deed of trust on land provides for a sale on notice by posting in three public places in the county, the fact that two of the three notices were posted in the same town, one on the court-house door and the other on the post-office door within one hundred and fifty yards of each other, does not invalidate the sale.

5. SUPREME COURT.  *Practice.  Immaterial errors.*

Where a proper result was reached on the trial in the court below, and upon the facts of the case the successful party was entitled to recover, the judgment will not be disturbed, although some of the instructions are erroneous, and the result was reached in a different method from that indicated in the opinion of the Supreme Court on the case.

ERROR to the Circuit Court of Colfax County.

Hon. J. A. ORR, Judge.

*Frank A. Critz,* for the plaintiffs in error, filed an elaborate printed brief of forty-six pages, in which, among many others, he made the following points : —

1. The court erroneously instructed the jury that "the burden of proof is on the defendants to show the insufficiency of the notice of the sale of the premises in question by Bogle, as trustee, under the deed of trust, and unless the preponderance of the testimony is clearly against the sufficiency of the notice required by the terms of the deed of trust the verdict should be for the plaintiff."

We contend that where the *cestui que trust* intermeddles and buys the property at his own sale or under his own deed of trust, he is not only charged with notice of all the irregularities, but the *burden of proof* is upon him, in an action of ejectment, to show that every step required by the deed of trust has been complied with. *Stine* v. *Wilkerson*, 10 Mo. 75; *Gibson's Heirs* v. *Jones*, 5 Leigh (Va.), 370; *Hahn* v. *Pindell*, 1 Bush (Ky.), 538; 2 Perry on Trusts, § 782; *Dennings* v. *Smith*, 3 Johns. Ch. 332; *Frost* v. *Beekman*, 1 Johns. Ch. 288; *Cason* v. *Round*, Finch's Prec. in Ch. 226; 7 Greenl. (Me.) 376; 1 Perry on Trusts, § 272; *Walker* v. *Brunguard*, 13 S. & M. 723; *Wightman* v. *Reynolds*, 24 Miss. 681; *Wade* v. *Thompson*, 52 Miss. 367; *Norman* v. *Hill*, 2 Patton & Heath (Va.), 679; *Penny* v. *Cook*, 19 Iowa, 538; *Moore* v. *Lord*, 50 Miss. 237; *Blackwell* v. *Ogden*, 2 Bush (Ky.), 265.

Said charge puts the burden of the whole proof upon the plaintiffs in error. The plaintiffs in the court below are not even required under that charge to show that the notices were ever posted; on the contrary, it requires the defendants in the court below to prove the *negative* proposition, that "no notices" were ever posted. It is certainly a great innovation in our practice and under our decisions to require the defendants in an action of ejectment to prove the negative fact that the plaintiffs had "no title." The deed of trust confers extraordinary powers upon the *cestui que trust* as well as the trustee, and every condition thereof must be zealously observed; the strict construction of the instrument is exacted in favor of, and for the benefit and protection of, the grantors alone, and every presumption must be indulged in their favor, to say the least of it, until the purchaser has made out a *prima facie* case. It would usually be a very difficult if not an impossible thing for the grantors to prove that the instrument had not been

strictly complied with ; but the purchaser who buys at his own sale not only can, but must at his peril, know and show that the conditions of the trust have been rigidly fulfilled. *Blackwell* v. *Ogden*, 2 Bush (Ky.), 265.

2. The plaintiffs failed to prove proper advertisements of sale under the deed in trust; on the contrary, it was proved that the posting was not proper.

J. C. Bonner, who purchased the lands at trustee's sale, was the heir and administrator of T. T. Bonner, and the beneficiary under the deed of trust. He ordered the sale for his own benefit. Hence he was bound to see that all things were regular and to show that he had complied with the provisions of the deed of trust; and his vendee, Mrs. E. J. Fitts, was bound to make the same proof. Bonner bought at his own sale, without advancing any new consideration, and for that additional reason could not be a *bona fide* purchaser for value. 1 Perry on Trusts, § 272; *Stine* v. *Wilkerson*, 10 Mo. 75; 7 Greenl. (Me.) 376; *Winston* v. *Otley*, 25 Miss. 451; *Moody* v. *Harper*, 38 Miss. 599; *Dennings* v. *Smith*, 3 Johns. Ch. 332; *Frost* v. *Beekman*, 1 Johns. Ch. 288; *Cason* v. *Round*, Finch's Prec. in Ch. 22.

The cases of *Winston* v. *Otley* and *Moody* v. *Harper*, just cited, settle the rule where a beneficiary buys at his own sale under an execution. We contend that the true doctrine is that the burden of proof is on the purchaser to show that all steps were regular where he purchases at an execution sale under his own judgment. He orders, directs and supervises the sale, and is charged and affected with notice of all irregularities. But the rule is still stronger in case of a trustee's sale. A sheriff is a bonded officer, amenable to the court from which issued the writ of execution, and is acting under a judgment. If he fails to perform his duty as the law requires, in reference to notice, &c., he may be held responsible upon his official bond for any damages that thereby accrue to the defendant in execution. But the trustee is not bonded. He is an irresponsible private individual, against whom the grantors in the deed of trust have no recourse whatever. *Minor* v. *President and Selectmen of Natchez*, 4 S. & M. 622.

The power of the trustee is strictly a naked power, and must be strictly followed, especially where the *cestui que trust* comes

in and intermeddles by purchasing the property. *Stine* v. *Wilkerson*, 10 Mo. 75 ; *Blackwell* v. *Ogden*, 2 Bush (Ky.), 265 ; 4 Kent Com. 330, 331.

The statement introduced by agreement as the evidence of said trustee, J. C. Bogle, shows that he posted but three notices of the sale, — one at the post-office and one at the court-house door, both in the town of West Point. The third was posted somewhere in the county, but the evidence does not positively disclose where, nor does it show what became of it. The deed of trust required said trustee to post notices of the sale in three or more public places for thirty days.

(1.) Was it a compliance with the spirit and intent of the contract in the deed to post two out of the three notices in West Point, when the plantation is in the country ? We answer in the negative. 3 Johns. Ch. 332.

(2.) Did the notice at the court-house remain posted ? It was down before the sale took place, certainly. The evidence shows that it did not remain.

(3.) It is fully proved that the notice at the post-office door was posted *inside*, where it was exposed to view only about two hours on Sundays, after which the door was closed for the entire day. Bonner knew of this defect.

3. Of all the said defects and irregularities W. A. Fitts not only had full notice, but his own legal adviser, who was also the attorney for the plaintiffs in error, after full consultation and investigation, told him that the sale was a nullity, " on account of want of proper notice or advertisement, . . . and urged me " — using his language — " not to buy." He was acting as agent for his wife, E. J. Fitts, with plenary powers to bind her ; in fact, he was the real party in the transaction, simply using his wife's name as a shelter, as is too often the case in business transactions now-a-days. So it will be seen that Fitts is a mere volunteer, an intruder in the matter ; that he took advantage of the misfortune of the plaintiffs in error to obtain their lands for a trifle, even at the risk of losing all in litigation. In fact, he deliberately bought a lawsuit, with his eyes open, in the face of the urgent opposition of his counsel ; and it is the policy of society, of the country and of the law to discountenance such dealings.

*Thomas E. Bugg*, for the defendants in error, filed an elaborate written argument, making, among other points, the following : —

1. In ejectment under deed of trust sale the plaintiff is only required to show the deed of trust and the trustee's deed. He has nothing to do with notices in making out his *prima facie* case, but if the sale has been vitiated by improper notices, it is matter to be set up by the defence. 2 Greenl. Evid. § 316.

2. The evidence shows that the notices were properly posted and the sale properly conducted, and this is as far as Bonner or his vendee can be put on inquiry. A notice being down before the day of sale is no irregularity, if properly put up in the first instance ; and the fact that the notice on the post-office door could not be seen a part of Sunday did not vitiate the sale. The post-office and court-house were certainly *public places*, and that was all the deed of trust required.

3. Surely neither the trustee nor the beneficiary desired the sale vitiated by irregularities. Nor would they have made a sale if they had supposed the fact was so. They thought the notice complete and the matter ripe for the sale. No bad faith can be or is attempted to be imputed to them. The sale was as regular as in the nature of things it is possible for a sale by posters to be made. To adopt the rules contended for by opposing counsel would render it impossible to ever make such a sale, and the authorities cited by him sustain no such rules.

CAMPBELL, J., delivered the opinion of the court.

The plaintiffs in error executed a deed of trust conveying land to J. C. Bogle, as trustee, to secure a debt to T. T. Bonner. The condition of the deed of trust is in these words, viz.: "Should said parties of the first part fail to pay and to satisfy said note at maturity, then it shall be the duty of the party of the second part (trustee), at the request of the party of the third part (Bonner), after giving thirty days' notice of the time and place of sale, by posting the same in three or more public places in said county and State, to proceed to sell at public auction for cash in hand to the highest bidder all the described lands," &c. The debt matured and was not paid. Bonner, the beneficiary, had died, and an administrator of his

estate was appointed, at whose instance the trustee posted notices of a sale of the land conveyed by the deed of trust to be made on the 30th January, 1875. Three notices were posted thirty days before the day of sale. One was posted at the court-house door; another at the post-office in West Point, the county seat of the county; and a third at some place in the country in the same county. The notice of the sale posted at the post-office was posted on the inside of the door, so that it could not be read when the door was shut. Said door usually stood open every day from 8 o'clock, A. M., to 5 o'clock, P. M., and every Sunday from 8 o'clock, A. M., to 10 o'clock, A. M., and was then closed until Monday morning. When the door was open the notice was plainly to be seen. The evidence warrants the conclusion that the notice posted at the court house was removed before the sale, that that at the post office remained posted until the sale, and there was no evidence as to that in the country. The sale was made by the trustee at public auction to the highest bidder for cash, was bid off by the administrator, J. C. Bonner, in his individual capacity, and was duly conveyed to him by the trustee. Subsequently J. C. Bonner conveyed the land by quitclaim deed to E. J. Fitts, who is a defendant in error and the wife of the co-defendant in error. The plaintiffs in error, who were grantors in said deed of trust, remained in possession; the defendants in error brought ejectment, and on trial the foregoing facts were developed. Verdict and judgment were rendered in favor of the plaintiffs below, and hence this writ of error by those who were the defendants below.

Many questions were made in the trial below, which have been discussed in the brief of the counsel for the plaintiffs in error with a wealth of learning and profusion of citations rarely surpassed; but we do not consider it necessary to notice the questions in detail, since we think the true point in the case was missed in the trial below, and the result reached upon a misconception of the real question which disposes of the case. Some of the charges by the judge to the jury given at the instance of the plaintiffs and the defendants were erroneous; but the plaintiffs in error had the benefit of more errors in their favor than the defendants did. We will not

particularize, but will give our view of the case, as made by the record, as a whole. The contest below was upon the question whether the notices which the trustee had posted remained continuously as posted until the sale, or, if not, whether they were removed by the fraud or procurement of the grantors in the deed of trust, and whether the grantors were estopped to controvert the validity of the sale. The court below sustained the view that the three notices must have remained up until the sale; and, if not, that the sale was void and conferred no title on the grantee of the trustee, and all other questions were subordinated to this one. In our view this was wholly immaterial. The trustee having given thirty days' notice of the time and place of sale, by posting notices in three public places in the county, had the power to sell the land. It was not necessary to the valid exercise of the power of sale that the notices should have remained posted every day up to the sale. It was not the duty of the trustee to make daily and hourly observation at the three public places of the notices, so as to insure their remaining posted. It is not true that the displacement of the posted notices by casualty or design would invalidate a sale under them, after they had been duly posted. The grantors in the deed of trust having prescribed notice by posting must be held to have assumed the risk of the removal of some or all of the notices by accident or design. The trustee is the chosen agent of the grantor in a deed of trust, vested by him with the legal title to be by him conveyed to a purchaser at the sale to be made under the deed of trust; and when he has determined on a day of sale, and has posted the proper notices according to the deed of trust at the proper time, he may lawfully sell on the day designated, without regard to the fact that wind or rain or some mischievous or evil-disposed person may have removed one or all of the notices. Any other rule would invalidate most sales under deeds of trust which authorize a sale upon posted notices. It would place it in the power of mischievous or evil-minded persons to defeat every proposed sale under such deeds of trust. Any such rule is impracticable and impolitic. Titles would be so insecure under it as to forbid competition at such sales, and lead to the sacrifice of property.

The court below properly held that a presumption is to be indulged that the trustee did those acts *in pais* which were conditions precedent to a valid sale by him, and that the burden of showing the contrary was on those who questioned the validity of the sale. But apart from this presumption in favor of the purchaser at the sale, the fact that notices were posted by the trustee at three places was not denied by the plaintiffs in error, and was fairly established.

It is insisted that the notice at the post office was not sufficient, because the door was closed every Sunday after 10 o'clock, A. M. This made no difference. The law does not contemplate that notices of sales will be inspected on Sunday. It is urged that the court house and post office were in the same town, and within one hundred and fifty yards of each other, and that they were not two public places. This objection is not valid. Three different places of public resort, where people would be likely to see the notices and learn of the sale were meant by the terms employed in the deed of trust. Much must be left to the discretion of the trustee as to the selection of places at which to post notices. If one hundred and fifty yards is too short a distance to separate two public places, what space shall be adopted as being great enough? The law has no rule on the subject. We think that the sale was valid, and that a proper result was reached in the trial, although by a different method from that indicated by this opinion, and as upon the facts of the case the defendants in error were entitled to the judgment they obtained, it is affirmed.