[No. 8,397.—Department Two.]
December 14, 1882.

62 373
121 382

## JOHN T. CAREY v. WILLIAM K. BROWN.

ACTION OF EJECTMENT.—Defendant formerly owned the premises, and to secure an indebtedness, executed a deed of trust, in which it was provided that, in default of payment and in the event of a sale, the recitals in any deed executed by the trustees should be conclusive evidence of such default, of the application of the creditor for the sale of the property, and of the publication of the notice of sale.

*Held:* In the absence of fraud, the defendant is concluded by the recitals in a deed which was executed by the trustees.

ID.—INNOCENT PURCHASER AT TRUSTEE'S SALE.—One of the trustees became the owner, by assignment, of the note, the payment of which the deed of trust was given to secure, but the purchaser at the sale had no notice of this, and believed that the sale was regularly made for the benefit of the payee of the note.

*Held:* The purchaser's title to the property was not affected by the fact that one of the trustees had purchased the note.

PAYMENT BY CHECK.—The purchaser paid for the property with a check, instead of gold coin, as provided in the deed of trust.

*Held:* As the money was actually paid on the check, defendant's objection to the sale was not well taken.

REFUSAL TO ALLOW IMMATERIAL AMENDMENT.—It is not error, if the Court refuses to allow an immaterial amendment to a pleading.

APPEAL by defendant from the judgment of the Superior Court of the County of Sacramento and from an order denying a motion for a new trial. CLARK, J.

Action in ejectment. The facts are stated in the opinion

of the Court. After the decision in department, a petition for a hearing in bank was presented, and denied.

*D. E. Alexander* and *James B. Devine,* for Appellant.

*Freeman & Bates,* for Respondent.

MORRISON, C. J.:

On the sixteenth day of June, 1880, the defendant was indebted to one P. Bohl in the sum of seven hundred dollars, as was evidenced by a promissory note of that date, and for that amount, payable in six months, and to secure such indebtedness, the defendant executed a deed of trust to W. A. Fountain and A. Leonard on the certain lots of land in controversy, situated in the City of Sacramento. The deed of trust authorized the trustees therein named to sell the property in case defendant failed to pay the note when due, and provided that in the event of a sale, the recitals in any deed executed by the trustees, of default on the part of the defendant to pay the note, and of the application of the payee of the note for the sale of the premises, and of publication of the notice of sale required by the trust deed, should be *conclusive evidence* of the facts recited. The language is: "Any such deed or deeds, with such recitals, therein, shall be effectual and conclusive against said party of the first part (the defendant herein), his heirs, assigns, and all other persons; and the receipt for the purchase money contained in any deeds executed to the purchaser, shall be a sufficient discharge to such purchaser from all obligation to see to the proper application of the purchase money according to the trusts aforesaid."

The property was sold in the presence and by the direction of Fountain, one of the trustees, and a deed was executed by both of the trustees to the purchaser on the twenty-second day of September, 1881; and the deed recites "that on the —— day of July, 1881, the said promissory note having long prior thereto become due, and said W. K. Brown having made default in the payment of the principal and interest of said note, and the holder of the same having made application to the parties of the first part, requiring them (the trustees) to sell the whole of said real estate, and said parties of the first part

did, on the twenty-sixth day of August, 1881, cause notice of the time and place of sale to be published in the *Sacramento Daily Record-Union*, a newspaper printed and published in the county where said lands were situate, in which notice the seventeenth day of September, 1881, at the Court-house door in said county, at the hour of ten o'clock A. M., was fixed as the time and place when and where said premises would be sold at public auction, under the provisions of said trust deed. That said notice was published one time each week for three successive weeks, previous to said day of sale, in said newspaper. That on the seventeenth day of September, 1881, at the hour of ten o'clock A. M., at the Court-house door, in said county, the said trustees sold at public auction, for cash in gold coin, said land and premises to the highest bidder therefor. That at such sale the said party of the second part was the highest bidder and best bidder," etc.

The foregoing deed was executed to one Weyant, and he executed a deed to the plaintiff.

1. It appears from the evidence in the case that Bohl, the payee of the note, to secure the payment of which the deed of trust was given, assigned the note to Fountain, one of the trustees, on the twenty-seventh day of September, 1880, and on the trial of the case the defendant offered to prove that neither Bohl nor any other person ever made any application to Leonard or Fountain (the trustees) to sell the land to satisfy the indebtedness secured thereby; but objection was made to the introduction of such evidence, and it was excluded by the Court.

It is expressly provided in the deed of trust, that any recitals contained in a deed executed by the trustees to a purchaser of the trust property, shall be *conclusive evidence* of the truth of the facts recited; and under the circumstances developed on the trial of this case, the defendant was concluded thereby. It is true that the answer charges fraud and collusion on the part of the plaintiff and the trustees, but there is no evidence in the transcript sustaining such charge; and the finding of the Court was the other way.

2. The next point in the case deserving of notice, is the fact that Fountain, one of the trustees, became the owner by assignment of the note executed by the defendant to Bohl,

and it is claimed that he had no right to sell the trust property for his own benefit. By Section 2263 of the Civil Code it is provided, that "a trustee can not enforce any claim against the trust property which he purchases after or in contemplation of his appointment as trustee; but he may be allowed, by any competent Court, to charge to the trust property what he has in good faith paid for the claim, upon discharging the same." If the contest in this case were between the defendant and the trustee, it is very plain that the trustee could claim nothing by virtue of the sale; but it does not appear that the purchaser of the property at the trustees' sale had any notice of the assignment of the note to the trustee; and, so far as the proceedings in the case show, the purchaser believed, and had a right to believe, that the sale was made regularly and for the benefit of Bohl, the payee of the note. We think that, in the absence of all knowledge of the unlawful dealings of the trustee, the title of the purchaser was not affected by the fact that the trustee was dealing with the trust property for his own benefit.

3. There are two other points, that may be noticed together:

The defendant was not prejudiced by the refusal of the Court to allow a proposed amendment to the answer, for the reason that the amendment would not have helped the defendant's case; and the other point, that the purchaser paid for the property with a check instead of gold coin, as provided in the deed of trust, is not well taken. It appears from the evidence not only that a check was given, but that the money was actually paid on the check.

Judgment and order affirmed.

SHARPSTEIN and MYRICK, JJ., concurred.