L. W. LUNSFORD v. RICHMOND SPEAKS.

*Sale Under Power in Mortgage—Validity—Notice—Burden of Proof—Estoppel.*

1. In an action to recover land by the purchaser thereof at a sale under the power contained in a mortgage given by the defendant, the deed executed by the mortgagee reciting the sale in pursuance of the power is *prima facie* evidence that all the terms of the power and all requirements as to notice have been complied with.

2. Even if a sale under the power in a mortgage should be invalid by reason of a failure on the part of the mortgagee to comply with the directions of the power, yet, as the mortgagee held the legal title, his deed would convey it to the purchaser subject to the equities of the mortgage.

3. The acquiescence of a mortgagor in the conduct of a sale, and particularly in the terms of it, will cure any defect in this respect, and give validity to it.

CIVIL ACTION to recover land, tried before *McIver, J.,* and a jury, at Fall Term, 1892, of WILKES Superior Court.

Plaintiff claimed title and possession under a deed executed to him as purchaser of the land at a sale made under the power in the mortgage given by defendant.

The defendant, after formally answering the ordinary allegations of the complaint, for a further defence alleged:

"1. That on the 21st day of July, 1890, he executed a mortgage to L. S. Benbow on the land in controversy, to secure the payment of the sum of twenty-five dollars, which mortgage contained a power of sale, authorizing the mortgagee to sell said lands at the court-house door in Wilkesboro, N. C., after advertising the same for thirty days at the court-house door in Wilkes county, and three other public places in said county, and that the said land was sold on the 4th day of March, 1891.

"2. That before said sale, and on the day thereof, he went to the plaintiff and asked him if he would not buy the land for him and give him further time to pay for the same, and that he, the plaintiff, agreed so to do, and that the land was put up and knocked off to the plaintiff at the sum of twenty-five dollars; and that the plaintiff, before and after said sale, agreed to convey the said lands to this defendant on the payment of the purchase-money, to-wit, the sum of twenty-five dollars; and that he further agreed to give him until the first of November to pay the same, and that at that time this defendant tendered him the money with interest thereon, and that the plaintiff refused to accept the same, and said the land was worth three hundred dollars, and that he had been offered that amount for it.

"3. That this defendant had no written or verbal notice from the mortgagee of the sale of the land, nor did he ever make any demand for the money due thereon before the advertisement and sale of the same, and that he accidentally heard of the sale a few days before the day of sale

through the plaintiff, who asked him if he knew that his land was advertised to be sold, and that he told him he did not; and, to the best of his recollection, the plaintiff said he saw it advertised in a newspaper.

"4. That he is advised and believes that the said sale by the mortgagee, L. S. Benbow, was irregular, illegal and void, in that the same was advertised to be sold on the 2d day of March, 1891, when, in fact, it was sold on the 4th day of March, 1891. That he had no notice from said mortgagee of the sale of said land under said mortgage, and that the said land was sold contrary to the power of sale contained in said mortgage, in that it was advertised, as he is informed and believes, in a newspaper, instead of at the court-house door and three other public places in Wilkes county, as contained and stipulated in said mortgage."

The defendant prayed that the plaintiff be declared to hold the lands in trust for his benefit, and that he be compelled to convey the same to him in fee on payment of the purchase-money, with interest up to the time he tendered the same to the plaintiff, and that the mortgage sale of said lands be declared illegal and void; and that his deed to the plaintiff be canceled, and for other and further relief, etc.

The plaintiff in reply denied allegation two of the "further defence" and in answer to paragraph three said that the land was advertised at the store-house of plaintiff, and that he did not tell defendant that he saw the advertisement in a newspaper, for the advertisement was posted on door of plaintiff, where every one could see it.

The following issues were submitted to the jury without objection:

1. Was the land sold in accordance with the terms of the power of sale contained in the mortgage?

2. Did the plaintiff purchase the lands described in the complaint for defendant?

3. Is the plaintiff the owner and entitled to the possession of the lands described in the complaint?

Plaintiff offered in evidence a mortgage, executed by the defendant and wife to L. S. Benbow, dated July 21, 1890, to secure the payment of the sum of twenty-five dollars, power of sale being as follows:

"But if default shall be made in the payment of said note and interest on the same, or any part of either at maturity, then and in that event it shall be lawful for and the duty of said party of the second part to sell said land hereinbefore described to the highest bidder for cash at the court-house door in Wilkesboro, Wilkes county, first giving advertisement of the same for thirty days at the court-house door in said county and three other public places, and convey the same to the purchaser in fee-simple," etc.

Plaintiff next offered a deed to himself from L. S. Benbow for the land in controversy, dated March 4, 1891.

The plaintiff testified that he bought the lands at the court-house in Wilkesboro, at the mortgage sale on 4th day of March, 1891. That he bought the land for himself; that there was no agreement on his part to purchase for the defendant. That one advertisement was posted at his store-house some six weeks next before the sale; that he saw another on the day of sale at the court-house door in Wilkesboro, but he did not know how long it had been there, and that he did not know of any other advertisements of the sale.

The plaintiff here rested his case.

The Court told the jury that the burden was upon the plaintiff to show that the power of sale contained in the mortgage had been complied with, and having failed to do

so he could not recover, and instructed the jury to find the first issue, "No."

Plaintiff excepted.    There was verdict and judgment for the defendant, and plaintiff appealed, assigning as error the ruling of the Court excepted to.

*Mr. W. W. Barber*, for appellant.
*Mr. R. N. Hackett*, for appellee.

MacRae, J.: The principal question presented is whether in this case the burden is upon the plaintiff to show that the power of sale had been duly executed.

Upon examination we find no express authority on the subject in this State, and the authorities are conflicting elsewhere.    All agree that the essential requisites of the power must be strictly complied with (2 Perry on Trusts, sec. 602, p. —), and that Courts will strictly scrutinize sales under powers in deeds of mortgage.

It is said in the first edition of Jones on Mortgages (1878), at section 1830, upon the question of burden of proof as to notice: "When the validity of a sale under a power is questioned by the debtor on the ground that the advertisement of the sale was not made in pursuance of the deed, the burden of proving a proper advertisement rests upon the purchaser or other party insisting upon the sale," and reference is made to *Gibson* v. *Jones*, 5 Leigh., 370.

The same proposition is laid down in 1st Devlen on Deeds, sec. 447: "Compliance with the power where notice is required must be shown by parties relying upon the validity of the sale," and reference is made to *Gibson* v. *Jones, supra*, and *Hahn* v. *Tindell*, 1 Bush., 358.    And in 2 Perry on Trusts, sec. 782, upon the same authorities, the text says: "If notice is required by the power, those persons relying upon the validity of the sale must show that

the power was complied with." To the same effect is *Wood* v. *Lake*, 62 Ala., 489, citing other authorities. Chancellor Kent, however, indicated a different opinion in *Minuse* v. *Cox*, 5 Johns., ch. 447: "That want of notice would not affect the title of the purchaser, but that the trustee would be liable for the deficiency in the price."

The question was carefully examined in *Savings Society* v. *Deering*, 66 Cal., 281, and the Court came to the conclusion that in an action of ejectment by the purchaser evidence *dehors* the deed is not necessary to show title and right of possession in the plaintiff. And in the fourth edition of Jones on Mortgages, sec. 1830, it is said: "When the validity of a sale under a power is questioned on the ground that the advertisement of the sale was not made in pursuance of the deed, the better opinion is that in an action at law it will be presumed, after the execution of the deed under the power of sale to the purchaser, that all the terms of the power and all requirements as to notice have been complied with. Certainly, in an action of ejectment by the purchaser against the grantor or other person in possession, no evidence, aside from the deed to such purchaser and the recitals in it, is necessary to show title and right of possession in the plaintiff." And in the same connection it is said: "It would seem, moreover, that the defendant would not be permitted to show that notice of sale was not given under the power, because the deed would confer upon the purchaser the legal title to the land."

We refer to the note to *Tyler* v. *Herring*, 19 Am. St. Rep., 263, which sustains the conclusion that the title shown by plaintiff was *prima facie*. It is based upon the general presumption in favor of meritorious parties as purchasers for value that the power has been properly exercised. As we have said, the authorities are all one way, that the power must be exercised in strict accordance with its terms,

subject to equitable relief in some cases of defective execution.

But even if the sale had been shown to be invalid by reason of a failure on the part of the mortgagee to comply with the directions of the power, yet the mortgagee held the legal title and his deed to plaintiff conveyed it subject to the equities of the mortgage. 1 Jones Mort., 787–812; 1 Lewyn on Trusts, 603(4). It may be that the defendant would have been estopped from taking advantage of an irregularity in the sale, for "the acquiescence of the mortgagor in the conduct of the sale, and particularly in the terms of it, will cure any defect in this respect and give validity to it." 2 Jones Mort., sec. 1866; *Olcutt* v. *Bynum*, 17 Wall., 44.

But the defendant sets up a counter-claim for substantive relief and will be entitled to have the same passed upon and appropriate relief, if he should be found entitled thereto.	New Trial.