ROE v. DAVIS.†

(Court of Civil Appeals of Texas. Texarkana. Dec. 16, 1911. Motion for Rehearing Denied Jan. 11, 1912.)

1. HOMESTEAD (§ 57*)—BURDEN OF ESTABLISHMENT.

In trespass to try title, in which plaintiff claimed under a purchase at a sale under a trust deed executed by defendant, the burden

---

was upon defendant to show that the property was a homestead, making the trust deed void.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 84; Dec. Dig. § 57.*]

2. APPEAL AND ERROR (§ 1012*)—REVIEW—FINDINGS—CONCLUSIVENESS.

A finding should not be disturbed on appeal, if it is not so opposed to the weight of the evidence as to be without support.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

3. HOMESTEAD (§ 57*)—EVIDENCE.

Evidence, in trespass to try title, in which plaintiff claimed under a purchase at a sale under a trust deed executed by defendant, held to sustain a finding that the land covered by the trust deed was not defendant's homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 85; Dec. Dig. § 57.*]

4. TRIAL (§ 382*)—TRIAL BY COURT.

In a trial by court, the judge has all the powers of a jury in passing upon the credibility of witnesses and the weight of the testimony, and hence may consider witness' manner of testifying and his interest in the result.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 898; Dec. Dig. § 382.*]

5. EVIDENCE (§ 594*)—UNCONTRADICTED EVIDENCE.

A court or jury is not bound to accept the uncontradicted statements of a witness as true.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

6. TRESPASS TO TRY TITLE (§ 38*)—ACTIONS—BURDEN OF PROOF.

In trespass to try title, in which plaintiff claimed under a purchase at a sale under a trust deed executed by defendant, defendant had the burden of proving the failure of the trustee to post notices of sale as required by the trust deed.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

7. APPEAL AND ERROR (§ 1011*)—REVIEW—FINDINGS—CONCLUSIVENESS.

The fact that the evidence would have supported a finding contrary to that made by the trial court would not justify a reversal of his judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

8. MORTGAGES (§ 356*)—SALES—POSTING OF NOTICES—PRESUMPTIONS.

It is presumed, in support of a sale under a trust deed, that the proceedings at the sale were regular, where the trustee's deed is regular in form and purports to be executed pursuant to the power conferred in the trust deed, so that in such case it would be presumed that notices of sale were posted in a manner sufficient to sustain the validity of the sale, though it is not presumed that the trustee posted the notice of sale in person, or that it was done in his presence under his direction, unless the trust deed required the posting to be in that way.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1063–1067; Dec. Dig. § 356.*]

9. APPEAL AND ERROR (§ 931*)—REVIEW—PRESUMPTIONS—AIDING FINDING.

In trespass to try title, in which plaintiff claimed under a purchase at a sale under a trust deed executed by defendant, which sale defendant claimed was void because notice of sale was not posted, if a recital in the trustee's deed that notice of sale had been duly posted was necessary to sustain the trial court's finding that the notice of sale was duly posted, the appellate court must assume that such a recital was contained in the deed, it being before the trial court so that it presumably was governed by its legal effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

10. MORTGAGES (§ 356*)—TRUST DEEDS—POSTING NOTICE OF SALE.

A provision of a trust deed requiring notice of sale to be posted did not contemplate that the trustee should personally post the notice.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1063–1067; Dec. Dig. § 356.*]

11. TRESPASS TO TRY TITLE (§ 41*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence in trespass to try title, in which plaintiff claimed under a sale under a trust deed executed by defendant, held to sustain a finding that the presumption that notice of sale was duly posted was not overcome.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Action by Mrs. D. Davis against John Roe. From a judgment for plaintiff, defendant appeals. Affirmed.

Hart, Mahaffey & Thomas, for appellant. Rodgers & Dorough, for appellee.

HODGES, J. This suit is in the form of an action of trespass to try title, and was instituted by Mrs. D. Davis, the appellee, to recover of the appellant, John Roe, a lot situated in the city of Texarkana. After a general denial and plea of not guilty, the appellant specially pleaded that the plaintiff was claiming title under a sale and conveyance made by a trustee in a deed of trust theretofore given by appellant upon the property sued for, and that the sale and conveyance were void because at the time the trust deed was given the property was the homestead of appellant and not subject to the mortgage, and for the further reason that the trustee failed to give the notice of sale provided for in the deed of trust. The case was tried before the court without a jury, and a judgment rendered in favor of the appellee for the recovery of the land. The appellant has appealed, and assails the judgment upon the grounds stated in the special answer.

It was shown by the evidence that, prior to the date of the trust deed above referred to, the appellant and two others owned this property in common, each having an undivided one-third interest; that during the pendency of a suit for its partition the appellant purchased the interests of his two co-owners for the sum of $600. In order to obtain the money with which to pay the purchase price for those interests, appellant executed his notes payable to A. C. Stuart and J. F. Rochelle for $675, payable at

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

different dates thereafter; and in order to secure the payment of that indebtedness executed the deed of trust mentioned, naming W. H. H. Moores as trustee. Subsequently the debt and lien were transferred to the appellee, Mrs. D. Davis; and, on account of the removal of Moores from that vicinity, R. P. Dorough was regularly appointed as the substitute trustee. The trust deed was in the usual form, and contained a provision authorizing such appointment in the event the trustee first named should fail or refuse to act, and also provided for the posting of notices in the manner usually specified in such instruments. It was further shown that at the time this trust deed was executed the appellant was the head of a family consisting of himself and wife; that the wife owned a house and lot in the city of Texarkana, which for many years prior to the time of the purchase of this lot had been the homestead of appellant and his wife. It is referred to in the testimony as the "old home place." The appellant testified that at the time he gave the deed of trust he and his wife were residing in the house situated on the premises in controversy, that the house was a two-story building, and that they used the upper story for a residence and rooming house and the lower story as a place for carrying on a mercantile business. It was further shown by the testimony of R. P. Dorough, the substituted trustee, that the notices were posted within the time prescribed in the instrument prior to the sale, and that he in person posted one of them on the bulletin board at the city hall in the city of Texarkana, Bowie county, where the land was situated; that he either mailed or delivered in person one other notice to the sheriff of Bowie county to be posted at the courthouse door; and that he mailed the third notice to a deputy sheriff named Smith to be posted at De Kalb, another town in the county of Bowie. He also stated that he did not personally know whether either of the two notices last referred to had in fact been posted.

[1] The first question presented is: Did the appellant have a homestead right in the premises at the time he executed the deed of trust? Logically the burden was on him to establish that defense by evidence reasonably sufficient to convince the court.

[2] The judgment rendered in the court below involves a finding adverse to the appellant upon that issue of fact, and this finding should not here be disturbed, unless it can be said that it is so opposed to the weight of the evidence as to be without support.

[3] The only evidence in the record upon which the appellant relies to establish his occupancy and homestead claim is his own testimony. It is true that his statements upon that issue are not directly contradicted by any other testimony, but there was testimony which tended to impeach appellant's credibility—testimony as to contrary statements made by appellant as to where he resided and claimed his home to be at the time he applied for and obtained the loan and executed the trust deed. A. C. Stuart testified that at the time appellant applied for the loan, and after being informed that he could not mortgage a homestead, he asserted positively that he did not claim this property as his homestead. This statement, of course, would not affect the homestead rights of the appellant if the premises were in fact at the time used and occupied as a home. But the evidence shows that his wife owned another house and lot in the same city, upon which they had previously resided for many years, and which during that time had been their homestead. This statement, if made by appellant, might be considered as tending to show that the old home had not in fact been abandoned, and that the occupancy of the premises in question, if he was at the time occupying them, was merely temporary and not permanent. R. W. Rodgers, the attorney who prepared the deed of trust and notes for the parties, testified as follows concerning what occurred at the time: "When they came up, Mr. Stuart was present, both that time and the other time. * * * And the first thing I asked them when they came in to see me was whether they had any homestead right or claim. John (meaning appellant) replied, 'Oh, Mr. Rollin, you know where my home has been for 15 or 20 years,' naming some long time. I think I asked them if they were using or occupying it or had it in their possession (referring to appellant and his wife), and they said no, but John said he was going to try to rent it for a boarding house and get money enough to pay this off. Then I drew up that agreement, and Si Taylor and all of them signed it; said they would take $600. Then on the 11th they came to the office, and I drew up the deed from Si Taylor and Jim Carrollton— I think I did. I saw it drawn there. And they executed these notes at that time. I told John and Carrollton: 'Now, I don't want any question about this thing. If you are going to change around and want to get this back, we want to know it.' * * * Both John Roe and his wife, Charity, disclaimed any homestead interest, use, or occupancy of the land before I would approve the lien and deed of trust." Of course, the testimony of these two witnesses can only be considered for the purpose of impeaching appellant upon the issue to which it related. It was for the trial judge to determine what weight it was entitled to in that respect.

[4] In trials where no jury is taken, the judge is clothed with all the powers of a jury in passing upon the credibility of the witnesses and the weight to be given their

testimony. Like a jury, he may consider the demeanor of the witnesses, their manner of testifying, and the interest which they may have in the result of the trial.

[5] A court or jury is not bound to accept as true the uncontradicted statements of witnesses under all circumstances. To impose such compulsion would destroy one of the strongest safeguards against fraud and perjury. It is true there are instances where appellate courts have set aside verdicts and judgments because opposed to the uncontradicted testimony of witnesses, but we know of no instance of this having been done where the witnesses had been impeached, or where the only witness to the pivotal facts was a party to the suit and interested in the result. See Farley v. Railway Co., 34 Tex. Civ. App..81, 77 S. W. 1040; Morgan v. Bement, 24 Tex. Civ. App. 564, 59 S. W. 907; Coats v. Elliott, 23 Tex. 606; Pridgen v. Walker, 40 Tex. 135. In view of the fact that in this case the witnesses all testified orally where the trial judge might observe their appearance and the various details which may legitimately be considered in weighing testimony, it cannot be said that he was not warranted in rejecting the testimony of the appellant as too unreliable to support a finding in his favor upon the homestead issue.

[6] The second proposition is that the evidence affirmatively shows a failure on the part of the trustee to post notices in the manner required by the instrument. Here the appellant again had the burden of proving his defense. The testimony upon that issue has been previously referred to, and conclusively shows that the trustee did not in person post more than one notice, and further shows that the other two notices were not posted under his immediate supervision—that is, in his presence—if posted at all. The deed of trust contained the following provision: "And it is further specially agreed by the parties hereto that in any deed or deeds given by any trustee or substitute duly appointed hereunder, and all statements of facts or other recitals therein made as to the nonpayment of the money secured or as to the request to sell, the time, the place, terms of sale, and property to be sold having been duly published, or as to any other act or thing having been duly done by any trustee or substitute trustee, shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals do state facts and are without further question to be accepted," etc. The deed from the trustee to Mrs. Davis does not appear at length in the statement of facts, nor is there anything in the record to inform us as to whether or not the trustee made any recitations regarding the posting of notices. It is simply shown that the plaintiff introduced in evidence the deed from R. P. Dorough, substitute trustee, conveying the property in controversy, and that this was acknowledged and filed for record and thereafter duly recorded in the county court of Bowie county.

Appellant refers to the case of Meisner v. Taylor, 120 S. W. 1014, as authority supporting the contention that the testimony in this case conclusively established the fact that the trustee had failed to comply with the terms of the instrument requiring the posting of notices of sale. In many respects the facts involved in that case are similar to those here under consideration. In that case, however, the record contained no statement of facts, and the question as to the posting of the notices was determined in the appellate court upon the findings of fact made by the trial judge. The latter concluded, from the evidence adduced upon the trial, that the trustee posted one of the notices at the courthouse door of the county in which the land was situated, and at the same time delivered to the sheriff of that county the other two notices and requested him to post the same; and that this was as much as the evidence showed had been done by the trustee, or any one, with reference to the posting of the notices. From this the court concluded as a matter of law that the sale was void because of the failure to post the notices as required by the terms of the deed of trust. Chief Justice Fisher, in affirming that judgment, said: "The services here required were not altogether ministerial, but involved some element of discretion. There might not have been any doubt as to where was located the courthouse door, and the posting at that place could be readily performed; but, as to the other public places in the county, they were not specifically pointed out, and, while it is true such places could be readily ascertained, it was not contemplated that the selection and determination of such places for posting should be left to the judgment of some one else other than the trustee. All those things that were essential and that were required to be done prior to sale, and the sale itself, and the execution of the conveyance thereunder, were personal duties imposed upon the trustee, and he had no power, so far as shown by the terms of the instrument in question, to delegate his authority to some one else." After holding that the presumption arising from the recitals contained in the trustee's deed concerning the posting of the notices had been rebutted by the facts found by the trial court, he continues: "In the absence of such a provision in the deed of trust, it would have been necessary for the party asserting title under the instrument to have shown that the notices were posted. This provision was inserted to dispense with that requirement." This latter holding was not necessarily involved in the disposition of that case, and may be justly treated as dicta.

The dereliction attributed to the trustee in that case is not in detail the same as that here urged. There the trustee had not only reposed in another the duty of posting the notices, but also the discretion of selecting the places where they were to be posted. This, said Judge Fisher, was the delegation of a discretion which had been committed to the trustee personally. In the case at bar the trustee himself posted one of the notices, and selected the places for the posting of the two which were intrusted to others. Unless we can say from this evidence that it is conclusively established that those two notices were not in fact posted as directed by the trustee, then the objection here urged cannot be sustained; for the judgment of the trial court involved a finding against appellant upon that issue. In the Meisner-Taylor Case, before referred to, the judgment of the trial court involved a contrary finding, and was affirmed by the appellate court.

[7] It may be that the evidence in this case would have supported a conclusion directly opposed to that reached by the trial judge, but that would not justify a reversal of a judgment based upon a contrary finding.

[8] We do not feel inclined to follow the dicta of Justice Fisher before alluded to. We not only think the weight of authority is contrary to such a rule, but that the public interest in the security of land titles and in the preservation by record of muniments necessary to establish connected chains of title calls for a different policy. Unless some presumption as to the regularity of the proceedings upon which the validity of trustees' deeds must depend can be indulged when that deed is regular in form and purports to be the execution of a power conferred in the trust deed, the trustee's deed is not admissible in evidence till all those prerequisites have been proven. If such proof is required, then, until the instrument attains that age which entitles it to some intrinsic weight, an important link in the chain of many titles to real estate must rest upon parol testimony which cannot be placed of record nor perpetuated in any form; for the action of the trustee in giving the notice required by the instrument can never be proven otherwise than by the testimony of those who happen to be personally cognizant of his actions. · The following authorities, we think, support our view: Jones on Mortgages, §§ 1830, 1895; Tyler v. Herring, 67 Miss. 169, 6 South. 840, 19 Am. St. Rep. 263; Allen v. Courtney, 24 Tex. Civ. App. 86, 58 S. W. 200; Jesson v. Loan Co., 3 Tex. Civ. App. 25, 21 S. W. 625; Carey v. Brown, 62 Cal. 373; 2 Devlin on Deeds, § 425; Western Union Tel. Co. v. Hearne, 40 S. W. 50; Lundsford v. Speaks, 112 N. C. 608, 17 S. E. 430; 8 Ency. Ev. 776, 777, and cases there cited.

In the case of Tyler v. Herring, a question very similar to this was involved. An instruction had been given by the trial court upon the quantum of proof necessary to overcome the burden arising from the introduction of the trustee's deed. The court said: "The presumption is to be indulged that the trustee did those acts in pais (referring to posting notices) which were conditions precedent to a valid exercise of the power of sale, as held in Graham v. Fitts, 53 Miss. 307; and, in the absence of any evidence to the contrary, such presumption must prevail. But it is not required of the defendant to rebut such presumption by introducing evidence sufficient to show that the notices were not in fact posted. The presumption is not a conclusive one. Its force and effect may be impaired by any competent evidence; and when opposing evidence is introduced sufficient to produce an equilibrium, or to leave the preponderance so slightly in favor of the presumption arising from the deed as that the jury do not believe the act to have been done, then the defendants are entitled to their verdict. * * * The true view is that the plaintiff begins and ends with the burden of proof. Introducing the trustee's deed, he makes a prima facie case. It then devolves upon the defendant to meet the case thus made, failing in which the plaintiff is entitled to recover. But the defendant meets the case made by the plaintiff when his evidence equals in value and weight that of the plaintiff, or so nearly does so as to leave the plaintiff's evidence insufficient to establish the fact it was introduced to prove."

[9] But here there was a provision in the trust deed giving to a recital in the trustee's deed of conveyance, that notices had been posted, a prima facie effect. Whether or not the deed contained that recital we are not able to say, because it is not set out in full in the statement of facts. If, however, such a recital is necessary in order to sustain the findings of the court upon that issue, we must assume that it was there; for he had the entire instrument before him, and presumably was governed by its legal effect.

[10, 11] It certainly was not contemplated that the trustee should in person perform the ministerial act of posting the notice up after having selected the place. The real purpose of posting notices and of selecting the places where they are to be posted was to give publicity to the fact that the sale was to be made. The testimony in this case shows that the trustee himself posted one of the notices, and intrusted the other two to two different individuals to be posted at two designated places; and in that respect it is dissimilar to the facts in the case cited by the appellant. The testimony of R. P. Dorough, the trustee, did not exclude any inference consistent with the fact that the notices had really been posted according to his directions. It was for the court to say whether or not in his judgment the burden imposed upon the defendant in that respect had been discharged. He decided that it

had not, and we do not think the state of the evidence is such as to require us to hold that he erred.

The judgment of the district court will therefore be affirmed.

### On Motion for Rehearing.

In his motion for rehearing appellant assails only that portion of the original opinion disposing of this case in which it is held that the presumption in favor of the regularity in the posting of the notices of sale by the trustee had not been overcome by the proof offered. In cases like the present, the legal presumption is that the notices were posted in some manner sufficient to sustain the validity of the sale; that is, in some form and by some method and agency within the scope and duty required of the trustee by the terms of the deed of trust. The presumption is not that the trustee in person performed the manual act of putting up the notices, or that it was done by another under his direction and in his presence, unless that manner of performing the duty was required of him by the instrument under which he purported to act. We have expressed the opinion that this strictness of conduct in posting notices was not required, and we see no reason now why we should recede from that conclusion. If this view be correct, then when the trustee's deed was offered in evidence in this case on the trial below the controversy assumed this attitude: By the introduction of the trustee's deed the plaintiff established prima facie the fact that the notices had been regularly posted in some form and by some method sufficient to sustain the validity of the trustee's sale. This presumption was not inseparably tied to any particular method of posting, or that it was done by the manual acts of any particular party in putting the notices at the places designated. When the testimony of the trustee was introduced, this negatived the fact that he in person posted two of the three notices required, but it showed that he had made provision for having those two posted at designated places by two public officials of the county. If his directions were carried out, the sale subsequently made by him was, we think, unquestionably valid. Unless we can say that the inference to be drawn from the testimony of R. P. Dorough, the trustee, is inconsistent with the conclusion that his directions were carried out, or that it left the matter in such doubt as to furnish no basis for any reasonable inference in regard to the matter, we cannot say that the court's conclusions upon that issue are unsupported by the facts. Had the trial court made a contrary finding, a different question would have been presented upon the same state of facts.

The motion is overruled. ·