## FREEMAN v. CROUT.

EJECTMENT.—Under the statutes of Wyoming territory it is not necessary that the plaintiff is the owner of the real estate in question in fee-simple absolute. It is sufficient if he is entitled to the legal or equitable estate therein.

EVIDENCE.—A deed or conveyance executed in another territory or state according to the laws of that territory or state, of lands in Wyoming, is executed according to the laws of Wyoming, if pertinent and relevant, should be admitted in evidence, and it is error for the court to refuse testimony tending to prove what the law is in reference thereto in such other state or territory.

ERROR to the Second District Court for Albany County.

A sufficient statement of this case will be found in the opinion of the court.

*J. W. Kingman*, for plaintiff in error, cited: Laws of Nebraska, 872; 4 Kent, 447; 18 How. 56; 9 Cush. 475; 6 Met. 439.

*Brown & Brockway*, for the defendant in error, cited: 3 Wash. on Rl. Property 249, 250; 1 Par. on Con. 139, 140; Angel & Ames 190, 192; 36 Vt. 452; Redfield R. R. Cases 539; Tyler on Eject. 541, 542; 9 Cal. 1; 52 Ill 49, 219.

By the Court, THOMAS, J. (BLAIR, J., dissenting): This action was brought to recover the possession of certain real estate in Laramie city, Albany county, and territory of Wyoming. The plaintiff (being the present plaintiff in error) in his petition, alleges the legal title thereto in himself, and that the defendant, on the fourteenth day of October, A. D. 1870, entered upon the aforesaid premises, and has ever since unlawfully kept him, the said plaintiff, out of the possession thereof. In the second count of said petition the plaintiff claims damages in the sum of three thousand dollars by reason of such entry and detainer. The plaintiff claimed title and right of possession from the United States, through the Union Pacific Railroad Com-

pany and one Fred. W. Freeman. The district court admitted in evidence the patent from the United States to said company conveying the premises in question, and also the quitclaim deed from said Fred. W. Freeman to the plaintiff, but refused to admit an instrument purporting to be a deed or conveyance from the Union Pacific Railroad Company to said Fred. W. Freeman, which refusal, together with the charge of the court to the jury upon that subject, form the principal errors assigned by the plaintiff. Upon the trial of the cause the plaintiff adduced evidence tending to prove the occupancy, possession and rights of his grantor. The two deeds in question bear date as follows: the one to Fred. W. Freeman from the railroad company, May 7, A. D. 1869, and the one from Fred. W. Freeman to the plaintiff, December 28, A. D. 1869.

The defendant introduced no evidence. Judgment was rendered, in accordance with the verdict of the jury, for the defendant.

As already stated, the chief errors assigned are the ruling out of the court below of the instrument purporting to be a deed from the Union Pacific Railroad Company to Fred. W. Freeman and the charge of the court in reference thereto. Two other questions of considerable importance appear to have been raised in the court below, but one of them is not mentioned in the assignment of errors, and the other, while contained in such assignment, is not otherwise referred to in the record, and consequently cannot be considered at this time.

Before proceeding further it will be well to refer to several portions of the statutes of the territory which have a bearing upon this case. Section 557 of the code provides, "in an action for the recovery of real property it shall be sufficient if the plaintiff state in his petition that he has a legal or equitable estate therein, and is entitled to the possession thereof, describing the same as required by section 123, and that the defendant unlawfully keeps him out of the possession. It shall not be necessary to state how the

plaintiff's estate or ownership is derived." Section 558 reads, "it shall be sufficient in such action if the defendant in his answer deny generally the title alleged in the petition, or that he withholds the possession, as the case may be; but if he deny the title of the plaintiff, possession by the defendant shall be taken as admitted  *  *  *  *  ." It will be seen by section 557 that the plaintiff in an action of this nature, in order to recover is not compelled to show that he is the owner of the premises in fee-simple absolute, but simply that he has a legal or equitable estate therein. Hence the answer in this case is not the general denial provided for in section 558, and is consequently insufficient. It is further provided in section 7, chapter 3, Laws of Wyoming, that "no grant or conveyance of lands, or interest therein, shall be void for the reason that at the time of the execution thereof such land shall be in the actual possession of another claiming adversely," which provisions are in contravention of the law and decisions of many states, and effectually do away with the old rules. We also find in section 3 of the same chapter the following, "a deed of quitclaim and release shall be sufficient to pass all the estate which the grantor would lawfully convey by deed of bargain and sale," which section certainly establishes the law as we have always understood it, the contrary, however, having sometimes been asserted in the territory, though probably without any reference to the section cited.

In cases of this nature it has been held sufficient in this territory, and such has been the practice, for the plaintiff to show the possession of his grantor, and then to introduce the deed to himself, consequently it will not be disputed:

1. That the deed from Fred. W. Freeman to plaintiff conveyed to said plaintiff all the right, title and interest of the said Fred. W. Freeman.

2. That if said Fred. W. Freeman was in possession of said premises at the time of the execution of said last-mentioned deed, whether such possession was actual, legal or constructive, then the deed from Fred. W. Freeman to plaintiff is sufficient to establish for him a *prima facie* case.

I am aware that it is urged by defendant's counsel that Fred. W. Freeman was not then in possession, and that the plaintiff states upon his cross-examination that said Fred. W. Freeman was not in possession at that time, as he had gone east to get married. But what are we to understand in this case, after duly considering all the circumstances, by the term "possession?" The evidence shows that Fred. W. Freeman was in actual possession at a time only shortly prior thereto. We have seen that the two deeds mentioned were executed some months prior to the entry and detainer on the part of the defendant Wm. Crout, and it is nowhere shown that, at the time the deed last mentioned was executed, there was any adverse possession to Fred. W. Freeman whatever. Passing upon all these facts, it would not be very difficult to draw the inference that, upon the twenty-eighth day of December, A. D. 1869, Fred. W. Freeman, though not in the actual, was in the legal possession of the premises in dispute. A man may be in Europe, and yet have legal valid possession of real estate in Wyoming territory. In our opinion, the question of possession should have been more fully left to the jury after it had been by the court specifically instructed as to what constitutes legal possession. Had the jury then found for plaintiff, the instrument purporting to be a deed from the U. P. R. R. would not have been as material.

The precise objections to the introduction of this instrument do not appear so clearly from the record as from the arguments of counsel. We understand them to be:

1. That the same is not executed according to the laws of this territory;

2. That it has not affixed to it the corporate seal of the railroad company;

3. That it does not contain the signature of said corporation, but only that of G. M. Dodge, agent and trustee;

And, 4. That the instrument itself is not sufficient in law.

Our statutes, p. 5, sec. 8, laws of 1875, provide how such instruments shall be executed, acknowledged, etc., when

done within the territory. While section 9, on page 6, provides what shall be necessary where the deed or mortgage is executed in some other state or territory. And upon a careful examination of the certificate, affixed to the alleged conveyance from the U. P. R. R. to Fred. W. Freeman, we find that it strictly complies with the statutes in such case made and provided, *prima facie,* therefore the deed is correct and duly executed. And it is to be remembered that no evidence whatever, by way of contradiction, rebuttal or otherwise, was introduced upon the trial on the part of the defense. Of course, the instrument would be irregular and defective, but for the provisions of sec. 9, p. 6, laws of 1875. But with those provisions and the certificate attached, I am of the opinion that the first and second objections to the introduction of the instrument are fully obviated.

As to the third objection, I think that the signature to the instrument is defective, but I am not certain that the defect cannot be cured by testimony upon that point. Such testimony, or testimony bearing upon the question, was offered by the plaintiff and ruled out by the court, viz., the resolution of the directors. As far as appears from the records, that resolution should have been admitted in evidence. It is not, however, fully set forth in the record, and thus we are unable to say but that there may have been sufficient grounds for rejecting it. But from the record, which is our guide, there does not appear to have been. But, whether such defect could have been cured or not, we still find the certificate, in due form, of the proper officer attached, according to our statutes, to the effect that said instrument was duly executed, according to the laws of the state in which it was so executed, viz., Nebraska, which certificate remains unimpeached. And we are of the opinion that, while this instrument in its present form may not be sufficient to convey a fee, it may be to convey " a right of possession," and with proper proof a legal estate.

The fourth, as well as the third objections, is referred

to in the foregoing; the deed is in due form, otherwise than is stated above, and as to its validity, it makes no difference in this instance whether the consideration was one dollar or one thousand dollars. It was an error to overrule the admission of this instrument. It affected the substantial rights of parties. It should have been admitted for the jury to pass upon under the proper instructions of the court.

The judgment of the district court is reversed and a new trial ordered.