HENNESSY v. CHICAGO, B. & Q. RY. CO., ET AL.

(No. 851; Decided May 25th, 1916; 157 Pac. 698.)

Action—Splitting Causes of Action—Judgment—Conclusiveness —Res Adjudicata—Judgment on Demurrer—Issues—Matters Not in Issue—Merits.

1. For a single injury alleged to have been sustained through the negligence of another, the plaintiff must set forth all of the negligent acts of the defendant upon which he claims the right to recover damages, and, if he chooses to omit some of them, he cannot thereafter in another action bring them forward as a separate cause of action.

2. A judgment on the merits, rendered in a former suit between the same parties or their privies upon the same cause of action, by a court of competent jurisdiction, is conclusive as to each matter which was offered and received to sustain or defeat the claim, and also conclusive as to every other matter which might properly have been litigated and determined in the action, as a litigant cannot experiment with the trial of his cause and, after one determination of the suit on the merits, reopen the controversy to hear an additional reason which existed before and was within his knowledge, in support of the same cause of action.

3. An action against a railroad and another for damages for personal injuries on the ground that defendant, then an inexperienced boy, unfamiliar with the dangers connected with the performance of certain orders given by a foreman in the turning of a locomotive upon a turntable, whereby plaintiff was injured, is barred by a judgment of the federal court on the merits on a general demurrer for the defendant, and against the plaintiff on a petition in an action arising out of the same occurrence based on defendant's negligence in respect to alleged defects in the turntable, failure to warn plaintiff, with the additional allegations that plaintiff when ordered out was wet and cold and was required to exert his utmost strength on the lever.

4. A judgment on demurrer going to the merits of the action is as perfect a bar to a subsequent suit on the same demand or cause of action as a judgment on a verdict finding all the facts.

Error to District Court, Sheridan County; Hon. Carroll H. Parmelee, Judge.

Action by William C. Hennessy against the Chicago, Burlington & Quincy Railway Company and another to recover damages for personal injuries. Judgment for defendants on the pleadings dismissing the action and plaintiff brings error. The facts are stated in the opinion.

*F. B. Reynolds,* for plaintiff in error.

The judgment sustaining the demurrer in the federal court was not a decision upon the merits. This action involves new and additional facts, there being no similarity between them; only the merits of the facts set forth in a petition are admitted by a demurrer; the subject matter of the suit may possess substantial merits not set up in the petition. (Pope v. Pope, 146 S. W. 410 (Ky.) ; Welsh v. Sarpy County, 127 N. W. 868 (Neb.) ; Swing v. Karges Furniture Co., 131 S. W. 153 (Mo.) ; New York Mercantile Co. v. W. M. Cady Lumber Co., 63 So. 304 (La.) ; Goodrich v. Wallis, 129 S. W. 878; Detrich v. Deavitt, 69 At. 661 (Vt.) ; Alabama & V. Ry. Co. v. McCerrin, 23 So. 876 (Miss.) ; Maize v. Bowman, 19 S. W. 589 (Ky.) ; State v. Cornell, 71 N. W. 961; City of Los Angeles v. Mellus, 59 Cal. 444; Alexander v. DeKernel, 81 Ky. 345; Gould v. Evansville & C. R. Co., 91 U. S. 526; Wiggins Ferry Co. v. Ohio & M. Ry. Co., 142 U. S. 396; City of North Muskegon v. Clark, 62 Fed. 694; Gilmer v. Morse, 30 Fed. 476, 46 Fed. 333; State v. Roth, 1 S. W. 98 (Ark.) ; Terry v. Hammonds, 47 Atl. 32; Gallup v. Lichter, 35 Pac. 985 (Colo.) ; Florida So. Ry. Co. v. Brown, 1 So. 512 (Fla.) ; Lockett v. Lindsay, 1 Ida. 324; Stevens v. Dunbar, 1 Blackf. 56 (Ind.) ; Griffin v. Wallace, 66 Ind. 410; Detrick v. Sharrar, 95 Pac. 521; Kleinschmidt v. Binzel, 14 Mont. 31, 35 Pac. 460; Cain v. Union Central Life Ins. Co., 93 S. W. 622 (Ky.) ; Wilbur v. Gilmore, 21 Pick. 251 ; Rodman v. Michigan Central R. Co., 26 N. W. 651; Gilman v. Rives, 10 Pet. 298; Woodland v. Newhalls, 31 Fed 434; 9 Enc. Plead. & Prac., pp. 621-622; 23 Cyc. 1136, 1139, 1154, 1230; Aurora v. West, 7 Wall. 82; North Muskegon v. Clark, 62 Fed. 694; Lindsley v. Union Silver Star Min. Co.,

106 Fed. 468; Wilson v. Lowry, 52 Pac. 777 (Ariz.); Prall v. Prall, 50 So. 867; Terre Haute &c. R. Co. v. State, 65 N. E. 401; Redlands First Nat. Bank v. Goldsmith, 82 N. E. 799 (Ind.); McClung v. Hohl, 61 Pac. 507 (Kas.); Birch v. Funk, 2 Metcalf, 544; Thomas v. Bland, 14 S. W. 955 (Ky.); Herber's Succession, 44 So. 888; Gerrish v. Pratt, 6 Minn. 61; Swanson v. G. N. Ry. Co., 71 N. W. 1033 (Minn.); Moore v. Dunn, 41 Ohio St. 62; O'Hara v. Parker, 39 Pac. 1004 (Ore.); Carmony v. Hoober, 5 Pa. St. 307; Duke v. Postal Tel. Cable Co., 50 S. E. 675 (S. C.) Where a demurrer sustained on the ground of defective statement in the cause of action, the ruling is not a bar to a petition setting forth a complete statement of a cause of action.

*E. T. Clark* and *Burgess & Kutcher,* for defendants in error.

The cause of action pleaded in the federal court is the same cause of action set forth in the petition here; the judgment of the federal court is *res adjudicata* and the action in the state court is barred; the servant assumes the risk from and is guilty of negligence in over-straining himself by lifting and pushing heavy objects. (Stenbog v. Minnesota Trans. Ry. Co., 121 N. W. 903, (Minn.); Ferguson v. Phoenix Cotton Mills, 61 S. W. 63, (Tenn.); Worlds v. Georgia Ry Co., 25 S. E. 46, (Georgia); Leitner v. Grieb, 77 S. W. 764, (Mo.); Roberts v. Indianopolis Ry. Co., 64 N. E. 217, (Ind.); Roberts v. Indianapolis St. Ry. Co., 64 N. E. 217.) The demurrer was not sustained in the federal court, for omissions of essential facts, but upon a full statement of facts disclosing that no cause of action existed in favor of plaintiff and against defendants under the law; hence the authorities cited by plaintiff with reference to the effect of the ruling of the federal court on the demurrer to plaintiff's amended petition were not in point. The judgment rendered in federal court on the demurrer is conclusive. (25 Cyc. 1152 and cases cited.) The judgment on a demurrer involving a question of substance

and not one of form is a complete bar to a subsequent suit on the same claim or demand. (Price v. Bonnifield, 2 Wyo. 280; 25 Cyc. 1170; 2 Black on Judgments, Sec. 506; Herman on Estoppel and Res Judicata, Vol. 1, Sec. 242; Freeman on Judgments, Sec. 249.) A cause of action for personal injury cannot be split; all of the grounds of negligence contributing to the injury are part of but one distinct cause of action. (3 Bates Pl. and Pr., p. 2283; 1 Pl. & Pr. 563; 564 (Note 1); 1 Corpus Juris, p. 1116.) A plaintiff cannot split up his cause of action and experiment with different parts in different courts and thus defeat the bar of a former judgment by setting up additional grounds in subsequent petitions. (Price v. Bonnifield, 2 Wyo. 80; Graham v. Culver, 3 Wyo. 639; Colum v. Webster Mfg. Co., 43 L. R. A. 195; Alley v. Nott, 28 L. Ed. (U. S.) 491; Northern P. Ry. Co. v. Slaght, 51 L. Ed. (U. S.) 738; U. S. v. Cal. & Or. Land Co., 48 L. Ed. (U. S.) 476; Brennan v. Berlin &c. Co., 42 Atl. 625 (Conn.); Trainor v. Mverick L. & F. Co., 139 N. W. 666 (Neb.); Lamb v. McConkey, 40 N. W. 77 (Iowa); Gregory v. Woodworth, 77 N. W. 837 (Iowa); Wapello &c. Bank v. Cotton, 122 N. W. 149 (Iowa); Brechlin v. Night Hawk M. Co., 94 Pac. 928 (Wash.); Straw v. Ill. Central Ry. Co., 18 So. 847 (Miss.); Ruckman v. Union Ry., 78 Pac. 748 (Or.); Reckless v. Pearson, 26 N. E. 478 (Ind.); Lockart v. Leads, 76 Pac. 312 (N. M.); McLaughlin v. Doane, 19 Pac. 853 (Kan.); Martin v. Roney, 41 O. St. 141 (Ohio); Schroers v. Fisk, 16 Pac. 285 (Colo.); Breeze Co. Trans. v. Haley, 18 Pac. 551 (Colo.); Smith v. Cowell, 92 Pac. 20 (Colo.); Anderson v. West Co. St. R. Co., 65 N. E. 717 (Ill.); Ordway v. Boston Ry. Co., 45 Atl. 243 (N. H.); Porter v. Fraleigh, 49 N. E. 863 (Ind.); Greene v. Central &c. Ry. Co., 38 N. E. 360 (Ga.); Shaw v. Laurel &c. Ry. Co., 45 So. 878 (Miss.); Wecthersby v. Pearl &c. Co., 41 So. 65 (Miss.); Prince v. Gosnell, 149 Pac. 1162 (Okl.) The case at bar is clearly an attempt to escape the legal consequences of a petition in the federal court

showing that no cause of action ever existed in favor of plaintiff; the decision of the federal court was founded on the ultimate facts as pleaded by plaintiff and not upon omissions or defects of the pleadings, plaintiff having stood on his petition in the federal court, a judgment was entered on his *res judicata*. It is immaterial whether the judgment is right or wrong so long as it is unreversed. (Price v. Bonnifield, 2 Wyo. 80.) The joinder of Murphy as a defendant in this case does not alter the situation, as he is a servant of the company and stands in privity with it; the rule is that a judgment exonerating the master also inures to the benefit of the servant. (24 E. & Am. Ency. Law (2nd Ed.) 752; 23 Cyc. 1265.)

*F. B. Reynolds,* in reply.

The federal court merely held that the facts there pleaded did not constitute actionable negligence; that court did not have before it the question as to the defective turntable, insufficient lighting facilities and the neglect of the employer to warn plaintiff of danger; these matters were not adjudicated there. Price v. Bonnifield is not in point; the facts in that case are unlike the case at bar. Graham v. Culver also differs on the facts in that the judgment covered all issues in the case. An examination of the facts involved in Colum v. Webster Mfg. Co. and Northern P. Ry. Co. v. Slaght are not similar to the case at bar; there is a distinction between the effect of a judgment as a bar against the prosecution of a second action for the same claim or demand. (Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; New Orleans v. Citizens Bank, 167 U. S. 397, 42 L. Ed. 210, 17 Sup. Ct. Rep. 905; Southern P. R. Co. v. United States, 166 U. S. 1, 42 L. Ed. 355, 18 Sup. Ct. Rep. 18; Gunter v. Atlantic Coast Line R. Co., 200 U. S. 273, 50 L. Ed. 477, 26 Sup. Ct. Rep. 252; Deposit Bank v. Frankfort, 191 U. S. 499, 48 L. Ed. 276, 24 Sup. Ct. Rep. 154.) Appellant is sustained by Gould v. Evansville &c. R. Co., 91 U. S. 526; Wiggins Ferry Co. v. Ohio & M. Co., 142 U. S. 396. A careful review of the cases cited by defendants in

error will show that in all of them the facts are dissimilar
to the facts in the case at bar; merely because a petition
may not state facts sufficient to constitute a cause of action,
is no reason for assuming that a cause of action does not
exist, which, if properly expressed, will withstand objection
by demurrer; hence, merely because the federal court found
that the petition there did not state a cause of action it does
not follow that a cause of action may not be expressed and
being so expressed is sufficient to support a trial upon the
merits of the subject matter.

BEARD, JUSTICE.

The plaintiff in error brought this action against the de-
fendants in error to recover damages on account of a per-
sonal injury alleged to have been caused by the negligence
of defendants. The defendants pleaded former adjudica-
tion, and it was stipulated by and between the parties that
the questions whether or not the cause of action set forth
in the second amended petition in the former action is the
same as the cause of action set forth in the petition in this
case, and whether or not the judgment in the former case
was on the merits, should be submitted to the court and
should be determined upon a consideration of the petition
in the present case, the second amended petition in the for-
mer case, the demurrer thereto and the judgment rendered
upon sustaining said demurrer. The matters were submit-
ted to the court upon the motions of defendants for judg-
ment upon the pleading under said stipulation. The court
sustained the motions and dismissed the action at plaintiff's
costs, and he brings error.

The plaintiff alleged in his petition, in substance, that de-
fendant, Chicago, Burlington & Quincy Railroad Company,
was a corporation and had a roundhouse, machine shops and
turntable at Sheridan, in this state, and that defendant,
James Murphy, was night foreman of the roundhouse and
had charge of the employees therein. That plaintiff was em-
ployed by the defendant company as assistant boiler washer
and general helper in the roundhouse at night, and that none

of his usual or ordinary duties required him to go outside of the roundhouse. That shortly after midnight of January 30, 1906, Murphy ordered plaintiff to go outside to the turntable and assist some men to turn it with an engine thereon. That at that time he was a boy of the age of fifteen years and was inexperienced in handling the turntable and unfamiliar with the dangers connected with the same. That the turntable was designed to be turned by a gasoline engine, but when that was out of order it was turned by hand power, and that on the night stated the gasoline engine was out of order. That the turntable was at that time in a defective condition in that when a locomotive was thereon and not exactly in the center, the side or end of the track, on which the locomotive to be turned stood, bearing the greater weight would settle from six to eight inches. That while plaintiff was pushing against the lever in attempting to turn said locomotive it was moved upon the track causing the lever to be forced down upon plaintiff's knees thereby causing the arches and bones of his feet to be broken and displaced. That the night was dark and the place was not sufficiently lighted for the employees working thereabout to fairly see and apprehend any movement of men, locomotives, or other objects which might be dangerous; and that defendants did not, nor did anyone else, warn plaintiff of any of the dangers connected with the services required of him in assisting to turn said turntable. That defendants were guilty of negligence in allowing said turntable to become and remain in the defective condition stated; in not warning plaintiff of the dangers involved in his assisting in turning said turntable, and in not installing lights at said turntable.

The action was commenced October 3, 1914.

The defendants alleged in their answers that on November 11, 1912, in an action pending in the United States District Court in and for the District of Wyoming, wherein the plaintiff was plaintiff and defendant herein, Chicago, Burlington & Quincy Railroad Company, was defendant;

the plaintiff by leave of court filed a second amended petition in said action, wherein he sought to recover damages for the same cause of action and for the same injuries as set forth in his petition in this action. To that amended petition defendant filed a general demurrer which was by the court sustained and the action dismissed, and judgment entered against plaintiff and in favor of defendant for costs. That said judgment has never been appealed from and is still in force and effect. The second amended petition, the demurrer thereto of defendant, and the judgment in that action are set out in full in the answer of defendant Railroad Co. in this case. The answer alleged that by reason of said judgment the alleged cause of action set forth in the petition in the present case, and all issues, matters and things involved in the present action have been finally determined and adjudicated and the plaintiff is thereby estopped from maintaining this action. The injury alleged to have been sustained by the plaintiff is the same in each case, and the averments with respect to ownership, use, control and location of the roundhouse and turntable, and the manner in which the turntable was operated are substantially the same in each case. In each case the authority of Murphy, his requiring plaintiff to do work not within the scope of his employment, his youth, inexperience and lack of knowledge of the hazards and dangers connected therewith, and the failure to instruct or warn him against the dangers attending such work were alleged. In the former case it was also alleged that at the time plaintiff was ordered out to the roundhouse to assist in turning the turntable his clothing and feet were wet from the performance of his duties in the roundhouse and that the night was very cold. The defendant was charged with negligence in requiring him to go out in that condition; that the work required of him was dangerous to the person of one of his age and experience, and in his condition; that defendant was negligent in not warning him of the dangers connected with the work he was required to do, and with which he

was not familiar.   It was further alleged in the petition in that case that plaintiff was required by Murphy to exert his utmost strength in pushing against the lever of the turntable, which he did, thereby causing the arches of his feet to break down.

. The contentions of counsel for plaintiff are that the cause of action in the cases is not the same; and that if so, the former decision was not on the merits and therefore did not bar a second action.   Both actions were brought to recover damages on account of the same injury alleged to have been caused by the negligence of defendant.   In the first case it was alleged, in effect, that plaintiff was required to perform labor which under the circumstances was hazardous and dangerous to his person and at a place and with an appliance which was dangerous, without warning or cautioning him against the danger.   In the present case substantially the same charge is made of the danger attending the work and the failure to warn the plaintiff thereof, and stating more specifically the reasons why it was dangerous; and alleging in addition to the facts formerly stated that the place was not sufficiently lighted; that the night was dark, and that the turntable was out of repair.

We think the correct rule is, that for a single injury alleged to have been sustained through the negligence of another, the plaintiff must set forth all of the negligent acts of the defendant upon which he claims the right to recover damages.   And if he chooses to omit some of them he cannot be permitted thereafter in another action to bring them forward as a separate cause of action.   The general rule is thus stated in Black on Judgments (2nd Ed.), Section 731 : "A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.   This rule means, in the

first place, that the parties must bring forward, in one trial,
all the evidence and all the reasons which are extant and
can be adduced in support of their respective cases.   A liti-
gant cannot experiment with the trial of his cause.   After
one determination of a suit on the merits, the controversy
cannot be re-opened to hear an additional reason, which be-
fore existed and was within the knowledge of the party, in
support of the same cause of action.   Thus, a judgment on
the merits in an action for personal injuries, on the ground
of defendant's negligence, is a bar to a second action be-
tween the same parties for the same injury, though addi-
tional acts of negligence are charged." (See authorities
cited in notes.)   In Graham v. Culver, 3 Wyo. 639, on 647,
29 Pac. 270, on page 274, 31 Am. St. Rep. 105, the court
quoted with approval from Section 754 of the same work,
the following: "A party cannot relitigate matters which
he might have interposed but failed to do in a prior action
between the same parties or their privies in reference to the
same subject matter; and, if one of the parties failed to
introduce matter for the consideration of the court that he
might have done, he will be presumed to have waived his
right to do so.   If a party fails to plead a fact he might
have pleaded or fails to prove a fact he might have proven,
the law can afford him no relief.   When a party passes
by his opportunity the law will not aid him."   The rea-
sons for the rule are obvious.   A party should not be
put to the trouble and expenses of defending against an
alleged liability in several suits which could and should be
determined in a single action; and litigation should not be
unnecessarily or unduly prolonged.   The present case well
illustrates the reasonableness of the rule.   If the contention
of counsel for plaintiff should be adopted, then there would
be no reason why plaintiff should have alleged more than
one of the acts he claims to have been negligence causing
or contributing to the injury, for instance, the failure to
properly light the place, and to have reserved the alleged
defect in the turntable for another action in the same or

some other court in case he should be defeated on the former. We think the rule we have announced is fully supported by authority. Van Fleet's Former Adjudications, Sec. 109; McClain v. Louisville & N. R. Co., 97 Ky. 804, 22 S. W. 325; Greene v. Central of Georgia Ry. Co., 112 Ga. 859, 38 S. E. 360; Anderson v. West Chicago St. R. R. Co., 200 Ill. 329, 65 N. E. 717; Godschalck v. Weber, 247 Ill. 269, 93 N. E. 241; T. H. & I. R. R. Co. v. P. & P. Ry. Co., 81 Ill. App. 435; Clumb v. Webster M'fg. Co., 84 Fed. 592, 28 C. C. A. 225, 43 L. R. A. 195, wherein the court said: "It is true that the plaintiff, in his second attempt to describe the cause of action, states a stronger case than in his first, for the reason that he includes other elements of negligence; but this does not entitle him to a second trial. A person suffering from a supposed grievance of the character in question must not be permitted to resort to several trials and to different courts, experimenting as to relief, first with a part of his cause of action, then with a little more, and then again with a still stronger description of the co-operating elements which are supposed to have caused the injury." We think it is settled upon principle and authority that if the judgment of the Federal Court was upon the merits, that judgment is a bar to the present action. It is not claimed that the demurrer in that court was sustained on account of any technical defect in the petition; but the argument here is that the matters pleaded in this action were not there involved. That the demand in the present suit arose out of the same occurrence and that the damages claimed are for the same injury suffered at the same time is not denied. Both actions are based on negligence of defendant, and, as shown in the former part of this opinion, the judgment in the former action adjudicated not only the matters, grounds and reasons for a recovery then pleaded, but also all matters which could properly have been set forth and determined in that suit. That plaintiff had the opportunity in the former action, to plead all acts of commission or omission which he claimed con-

stituted negligence on the part of defendant which caused or contributed to the injury cannot be doubted. He twice amended his petition in that court, and if he·failed to set forth all of the grounds or reasons which he claimed entitled him to recover it was his own fault, and he cannot be permitted to re-open and re-litigate matters which he could and should have presented in the first action. The judgment of the Federal Court was upon the merits of the cause of action as plaintiff saw fit to present it, and "a judgment on demurrer, going to the merits of the action, is as perfect a bar to a second suit on the same demand or cause of action as a judgment on a verdict finding all the facts." (Straw v. Illinois Cent. R. Co., 73 Miss. 446, 18 So. 847.) "The general rule of the extent of the bar is not only what was pleaded or litigated, but what could have been pleaded or litigated." (Northern Pacific Ry. v. Slaght, 205 U. S. 122, 27 Sup. Ct. 442, 51 L. Ed. 738.) See also Lamb v. McConkey, et al., 76 Ia. 47, 40 N. W. 77; Trainor v. Maverick L. & T. Co., 92 Neb. 821, 139 N. W. 666; Green v. Central of Georgia Ry. Co., 112 Ga. 859, 38 S. E. 360.

For the reasons stated, we are of the opinion that the district court did not err in holding that the action in the federal court was a bar to the present action. The judgment, therefore, is affirmed.                    *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.