## ATLAS REALTY COMPANY v. ROWRAY

(No. 2003; March 9, 1937; 65 Pac. (2d) 1122)

320

For the defendant and appellant, the cause was submitted on the briefs of *S. E. Phelps* of Casper.

For the plaintiff and respondent, the cause was submitted on the brief of *Fred W. Layman* of Casper.

RINER, Justice.

This case, before this court on direct appeal, is an action of ejectment brought by the Atlas Realty Company, as plaintiff, against Oline Rowray, as executrix and sole legatee of the estate of Dickie L. Shipp, deceased, as defendant, in the district court of Natrona County, whereby the Atlas Realty Company claimed to be the owner in fee of Lot numbered Five (5) in Block numbered Seventy (70) in the City of Casper in Natrona County, in the State of Wyoming, as said lot and block are described and laid down on the plat of the City of Casper and additions thereto of record in the office of the County Clerk and Ex-Officio Register of Deeds in and for Natrona County, Wyoming, together with the buildings and improvements thereon; that it was entitled to possession thereof and that the defendant unlawfully keeps it out of possession of said property. The plaintiff obtained a judgment in its favor in the court below. The parties will generally be referred to as designated in that court.

The action was pending in the district court aforesaid at the same time that Case No. 8550 in that court, and brought to this court by proceedings in error as No. 1844, was pending here. The instant case was originally filed in said district court by the above named plaintiff on May 13, 1933, against D. L. Shipp, and

assigned No. 8871. Case No. 8550 had been originally filed in said district court on May 24, 1932, by D. L. Shipp against the Atlas Realty Company, as defendant, and was a suit to cancel the identical deed involved in the case at bar, and hereinafter to be mentioned.

During the pendency of Case No. 1844 here, on or about March 21, 1934, D. L. Shipp died, and December 6, 1934, on the signed application of present counsel for the defendant, who also represented her in that case, said defendant was, by an order of this court made December 18, 1934, substituted for Mrs. Shipp. This application stated that this defendant, on June 25, 1934, had been appointed and had qualified as executrix of Mrs. Shipp's last will and testament, and that under the terms of that will she, Oline Rowray, was the sole legatee and devisee of her testatrix.

Previously, on September 22, 1933, and also on behalf of D. L. Shipp as plaintiff in error in Case No. 1844, counsel aforesaid had made written application to this court that an order be granted staying all proceedings in Case No. 8871, above mentioned, until the final disposition of Case No. 1844 could be had, it being represented that said Case No. 8871 had been set for trial on October 6, 1933, and that "if said cause proceeds to trial before this proceeding in error is determined plaintiff in error will have no defense thereto in view of said judgment and decree" in Case No. 1844 sought to be reversed. Accordingly, on September 26, 1933, such a stay order was granted. The judgment and decree of the district court of Natrona County in Case No. 8550 was, by an opinion filed in this court May 14, 1935, in our Case No. 1844, affirmed, Rowray v. Atlas Realty Company, 48 Wyo. 264, 45 Pac. (2d) 18. The judgment thus upheld, to state the matter briefly, decreed that the deed aforesaid was valid and binding upon the parties thereto, and denied the cancellation thereof sought by the plaintiff, defendant

here. The mandate of affirmance of this court to the district court aforesaid was issued June 17, 1935.

On October 1, 1935, on motion of the Atlas Realty Company, an order was entered here vacating the stay order in Case No. 8871 aforesaid. Thereafter, by supplemental petition, by leave of court filed, plaintiff sought to have said Case No. 8871 revived against the defendant. This pleading was, on March 19, 1936, answered by the latter, and plaintiff filed its reply. The issues thus made up were in due course heard by the court, and by an order dated May 2, 1936, and filed May 6, 1936, the cause was revived against said defendant. At the same time, on her application, the defendant was granted leave to file an amended answer to the petition of the plaintiff in ejectment, to which plaintiff shortly thereafter filed its reply. The case came on for trial May 22, 1936, another judge presiding, with a jury in attendance. At the conclusion of the evidence both parties moved for a directed verdict, following which the court discharged the jury and disposed of the issues by judgment in favor of the plaintiff, as heretofore indicated. The court therein found generally for that party, that the allegations in its petition were true, and accordingly adjudged that plaintiff recover from the defendant the possession of the premises above described, with its cost.

Notwithstanding the statement by counsel in his application for a stay order in the instant case, quoted above—which he then thought, and after our examination of a most voluminous brief, as well as a reply brief filed for the defendant and the record at bar, we also now think to be correct—the case has been insistently carried through the district court, and we are by this appeal requested to reverse its judgment as erroneous.

It is contended that there is error in the record because the cause was revived against the defendant, it

being said that Section 89-1239 W. R. S., 1931, controls that matter, and as the order of revivor was not made within the time limited by this statute the court was without jurisdiction to proceed further. The section mentioned reads:

"An order to revive an action against the representative or successor of a defendant shall not be made without the consent of such representative or successor, unless within one year from the time it could have been first made."

It is conceded that the order in question was not made within the year fixed by this section. However, Section 89-1238 W. R. S., 1931, provides:

"Upon the death of a defendant in an action for the recovery of real property only, or which concerns only his rights or claims to such property, the action may be revived against his heirs or devisees, or both, and an order therefor may be forthwith made, in the manner directed in the preceding sections of this article."

An examination of our statutes indicates that there are several methods of accomplishing a revivor, which are pointed out "in the preceding sections of this article," but the one which governs the matter now before us is undoubtedly Section 89-1231, W. R. S., 1931, whose language is:

"A revivor may be effected by the allowance by the court or a judge thereof in vacation, of a motion of the representatives or successor in interest to become a party to the action *or by supplemental pleading alleging the death of the party and naming his representatives or successor in interest upon whom service may be made, as in the commencement of an action, but the limitations contained in subsequent sections of this chapter do not apply to this section.*"

We have italicized that portion of the section especially pertinent in the case at bar. The foregoing provisions of our Code of Civil Procedure, with others dealing

with revivor of actions, were in large measure taken from that of the State of Ohio, as is well known generally to the legal profession of this state. The courts of that state have repeatedly construed the effect that should be given the section of the law last quoted. The earlier decisions discussed the operation of the provisions of Section 39 of the Civil Code, 2 S. & C. (1860) 958, which were carried into Section 5149 of the Revised Statutes of Ohio, and subsequently in substance embodied in Section 11402 of the General Code of that state.

In the case of The Eagle Paper Co. v. Bragg and Bragg, 4 Oh. Dec. 194, 7 N. P. 166, the court held that the matter of a revivor was within the discretion of the court, although Section 5157 of the Revised Statutes of the State of Ohio provided "that an order to revive an action against the representative or successor of a defendant shall not be made without the consent of such representative * * * within one year from the time it could have first been made." And the court said:

"Section 39, old Code, provides that 'in case of the death or disability of a party, the court may allow the action to continue by or against his representative or successor in interest.'

"This part of the section is re-enacted in the present section 5149.

"In passing section 5149 the codifiers distinctly refer to not only old section 39, but also to the 24 O. S., 182, and 29 O. S., 87.

"In Pavey v. Pavey (30 O. S., 600), it is decided, 'that the court is authorized under section 39, old Code, on application of the plaintiff and good cause shown, to allow the representatives of the deceased defendant in error to be made party to the pleading, and to direct the cause to be carried on against such representative, although more than a year may have intervened from the death of such defendant to the time of making the application.' "

Section 5149 referred to by the court is identical in terms with our Section 89-1231, supra. Section 11402 of the General Code of Ohio is practically the same.

The purport of the decision of the court in Carter v. Jennings, 24 Oh. St. 182, is stated in the syllabus thereof:

"The court has power, under section 39 of the code, in the exercise of a sound discretion, to allow the action to be prosecuted by or against the representatives or successor in interest of a deceased party. For this purpose, supplemental pleadings may be allowed and process served as in the commencement of an action."

In that case no steps had been taken to obtain an order of revivor within one year from the time the suit could have been first revived. In Black v. Hill, 29 Oh. St. 87, the Carter v. Jennings decision was approved and followed with reference to a proceeding in error, though a motion to dismiss the cause was made by the defendants in error on the ground that more than a year had elapsed after the death of the plaintiff in error before anything was done to revive the proceedings in the name of her legal representatives.

In Barr v. Chapman, 11 Oh. Cir. Ct. 196, a motion was filed by the defendants to dismiss the action for the reason that some of the plaintiffs had died more than one year previously and the action had not been revived in the name of their heirs or legal representatives. The plaintiffs also by motion asked leave to file a supplemental petition setting up the fact of the death of some of the original parties and the names of their personal representatives, to the end that the action might properly be revived in their names and proceed to final judgment. The court said: "We understand it to be conceded by the counsel for the defendants, that it is within the sound legal discretion of the court to allow such revivor to be made, though not applied for, until more than one year has elapsed, after the fact of

such death, and after it came to the knowledge of the parties applying therefor." And then an adverse ruling was announced against counsel's contention that there had been great laches in making the application to review.

In Tuttle v. King, 30 Oh. Dec. 647, it appeared that the plaintiff had sued a defendant who had died after service of process was obtained upon him. A motion to revive the cause was filed within the year following his death, but was not prosecuted. In the second year following the death, under Section 11402 Ohio General Code, supra, the plaintiff filed a supplemental petition seeking to have the executor of the estate of the deceased made a party defendant and the action revived in his name. Granting leave to make such revivor, the court remarked:

"Section 11410 G. C. provides that an order to revive an action against the representative or successor of a defendant shall not be made without the consent of either, unless (within) one year from the time it first could have been made. Section 11411 provides the same in reference to the representative or successor of a deceased plaintiff. Section 11402, therefore, stands alone, but must be construed together with the two sections quoted, in order to give effect to all of them.

"In the case of Eagle Paper Co. v. Bragg, 4 Dec. 194 (7 N. P. 165) a case reserved from the superior court to the former general term of this court, Judge Hunt writing the opinion, it is held that Sec. 3149 R. S. (Sec. 11402 G. C.) in order to carry out the intent of the law as embodied in the different sections, is not mandatory, but discretionary with the court."

The later decision appearing in the case of The Citizens Savings & Trust Co. v. Burkhart, 17 Oh. N. P. (N. S.) 401, is instructive. There an order of revivor in the name of his personal representative was allowed, notwithstanding more than a year had elapsed since the death of the defendant, which occurred sometime after summons had been served upon him. The Ohio

statutory law on the subject and the decisions construing it were very fully reviewed to enable the court to reach the conclusion:

"There can, therefore, be no question but that the court has a right to grant the prayer of the supplemental petition of George V. Brown. That this may be done, and that it is within the discretion of the court to grant the prayer of the supplemental petition of George V. Brown, is admitted by the counsel for the county, but it is insisted that because Brown unduly delayed his application, to the prejudice of intervening rights, the application should be denied. A moment's reflection will show that there is no force in this contention."

There is no doubt on our part that the statutes of Wyoming dealing with the subject of revivor, and here involved, should be construed in like manner as indicated by the foregoing decisions announced by the courts of the State of Ohio. We accordingly think that Judge Murane, then presiding in the district court and who passed upon this question, and also that dealing with the failure to present a claim to the executrix of D. L. Shipp, deceased, presently to be discussed, ruled correctly in ordering a revivor of the action against the defendant, Oline Rowray, her legal representative, and also her sole legatee and devisee. That the making of this order was discretionary on the part of the trial judge the above authorities clearly establish. That the one year limitation of section 89-1239, supra, is not applicable is equally clear. Section 89-1231 expressly so states. That there was no abuse of the judicial discretion is beyond question, when it is recalled that the defendant, through her present counsel, herself obtained the stay order in this case, which remained in force until October 1, 1935. Steps were taken shortly thereafter by the plaintiff to have the cause revived. It is not to be regarded as particularly commendable that after her own action had secured the order of this

court, which prevented for over a year any steps being taken in the case, she should now insist on that lapse of time as a bar to revivor. There is no merit in her contentions on this point.

It is insisted that it was the duty of the plaintiff to present its claim to the defendant as executrix after the latter had been appointed and qualified, and that as this was concededly not done, no recovery should have been allowed the plaintiff in this action. Our attention is directed to Section 88-3111, W. R. S. 1931, which reads:

"If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required."

The previous decisions of this court in O'Keefe v. Foster, 5 Wyo. 343, 40 Pac. 525, and Delfelder v. Farmers' State Bank, 38 Wyo. 481, 269 Pac. 418, are urged upon us in connection therewith. The district court ruled adversely to this contention, and correctly so. The quoted statute and the cited cases do not aid the defendant. Both cases deal with suits upon promissory notes and claims vastly different in character from that involved in the case at bar.

Discussing the statute in question, 3 Bancroft's Probate Practice, 1544, Section 902, says: "Clearly, however, no claim need be presented as a condition to reviving a pending action where the demand is not of such a nature as to require presentation in other circumstances." And the same author, in the second volume of the same text, page 870, Section 469, further states the law to be: "Ejectment may also be maintained against the representative, and this without any presentation of claim against the estate as a condition

precedent." In accord with the last quotation above is 11A Cal. Jurisp. 710, Section 504.

The Supreme Court of California in Hibernia Savings & Loan Society of San Francisco v. Wackenreuder, 99 Cal. 503, 34 Pac. 219, interpreting Section 1502 of the California Code of Civil Procedure, which was then identical with our Section 88-3111, supra, said:

"Section 1502 of the Code of Civil Procedure simply means that, when an action is pending against a decedent at the time of his death, the plaintiff therein is not relieved from the duty of presenting for allowance the claim upon which it is based, when the claim is of that character that he would have been required to make such presentation in order to preserve its validity as a claim against the estate if such action had not been brought in the lifetime of the decedent."

The same court in Kerns v. McKean, 65 Cal. 411, 4 Pac. 404, in an action by a subsequent purchaser from the vendor to recover possession of real property affected by an earlier contract for the sale thereof embodying a provision for forfeiture on default and which forfeiture the plaintiff's vendor had duly declared pursuant to the agreement, held that presentation of claim was not necessary to be made to the administrator of the first vendee who had defaulted, the court saying:

"The law did not require Patterson to present any claim against the estate of Sanford to his administrator. He asked nothing against the estate. He was merely claiming his own property. The failure to present such claim was no defense to this action."

So in Lamme v. Dodson, 4 Mont. 560, 2 Pac. 298, it was held that a claim to property based on a legal title thereto was not of the class of claims which the statute required to be presented and that an action of ejectment could be maintained against the executor without a previous presentation of the claim. The views of the court pertinent in the case at bar are thus stated:

"The mere fact that an executor claims that property is a part of decedent's estate, and includes it in his inventory of such estate, does not make it so in fact. The appellant alleges this property to be his own, and therefore it is not any part of the property of the estate of Warfield. To say that property, by being mentioned in the inventory of a decedent's estate, taken possession of by his executor, and claimed as part thereof by him, is thereby conclusively presumed to be a 'part of such estate until the same is settled by an executor or administrator, would be productive of serious mischief, and we will not place such a construction upon this section of the probate law. * * * The respondents argue that it was necessary for appellant to aver and prove that he had presented a claim for the premises, to the executor, in order to maintain his action by reason of the provisions of the law, 'that no holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor.' Section 157, Prob. Prac. Act. Rev. St. But the kind of claim intended by this provision is doubtless one which exists by reason of the holder of such claim being a creditor of the estate. The entire article of this chapter (art. 1, c. 6, Prob. Prac. Act) treats of this class of claims, and is a demand of this character, arising upon contract express or implied, and not a claim of title to real estate, which is intended by this provision."

This court in Watts v. Lawrence, 26 Wyo. 367, 185 Pac. 719, rehearing denied in 26 Wyo. 378, 188 Pac. 34, held that where land deeded by Mary A. Edwards to Charles P. Lawrence was condemned by the City of Cheyenne and the sum of money awarded therefor was placed in a bank pending a determination of the claims of both Lawrence as grantee and Watts as administrator of the estate of Mary A. Edwards, deceased, the presentation of a claim to the administrator was not a condition prerequisite to the commencement of a suit by Lawrence to recover this money. The court in the course of its discussion of the point said:

"The contention that the right of the defendant in

error to the funds in question was in the nature of a claim against the estate which had to be presented for allowance to the executor before suit is without merit. Whoever was the owner of the land was the owner of the condemnation money, for this money merely represented the land and was the fund in dispute. The gist of the whole controversy is, therefore, who was the owner of the land at the time it was condemned?"

We think it is clearly established by the foregoing authorities that the claim urged by the plaintiff in the case at bar was not of the sort which required a presentation to the personal representative of D. L. Shipp, deceased. The sole question to be determined in the case was who was entitled to the possession of the property covered by the deed above mentioned. It is quite plain that the plaintiff through this litigation was merely claiming its own property, which had been deeded to it by defendant's testatrix. It was not making any claim against the assets of the estate of Mrs. Shipp, but asserting only that the property in question, with the right to the possession thereof, was and is no part of those assets. There is no merit in defendant's position on this phase of the case.

This action being one in ejectment, where both parties are claiming through a common source of title, the deed under which plaintiff claims being delivered to it by Mr. and Mrs. Shipp in satisfaction of an antecedent mortgage indebtedness owed by them to the plaintiff, the rules governing the establishment of a prima facie case for the plaintiff in such a situation are clear.

In Freeman v. Crout, 1 Wyo. 364, it was said:

"In cases of this nature it has been held sufficient in this territory, and such has been the practice, for the plaintiff to show the possession of his grantor, and then to introduce the deed to himself, consequently it will not be disputed:

"1. That the deed from Fred W. Freeman to plain-

tiff conveyed to said plaintiff all the right, title and interest of the said Fred W. Freeman.

"2. That if said Fred W. Freeman was in possession of said premises at the time of the execution of said last-mentioned deed, whether such possession was actual, legal or constructive, then the deed from Fred W. Freeman to plaintiff is sufficient to establish for him a prima facie case."

So in Hecht v. Boughton, 2 Wyo. 385, the same rule was in substance stated thus:

"But it is an uniform principle of ejectment that if both parties claim title from the same source, it is treated for all the purposes of the case that title resided in that source; each party is estopped from denying it; and so far as respects that source, the controversy is reduced to the inquiry, which party, plaintiff or defendant, if either, has got title from that source."

Again in Matthews v. Nefsy, 13 Wyo. 458, 81 Pac. 305, this court quoting from 2 Jones on Mortgages, 6th Ed., Section 1830, said:

" 'Certainly, in an action of ejectment by the purchaser against the grantor or other person in possession, no evidence aside from the deed to such purchaser and the recitals in it is necessary to show title and right of possession in the plaintiff.' "

See also Savings & Loan Society v. Deering, 66 Cal. 281, 5 Pac. 533; Lunsford v. Spears, 112 N. C. 608, 17 S. E. 430; White v. Stephens, 77 Mo. 452; Dryden v. Stephens, 19 W. Va. 1, Lallance v. Fisher, 29 W. Va. 512, 2 S. E. 775.

In Wood v. Irving, 159 Iowa 658, 140 N. W. 880, the opening sentence in the opinion of the court is: "The plaintiff has the legal title to the property in controversy, and is presumptively entitled to the immediate possession thereof."

Regarding the admissibility of evidence in ejectment cases, 19 C. J. 1166-1167, Section 226, states upon ample authority:

"Deeds, grants, or other instruments of conveyance are admissible as showing or tending to show title to or right to the possession of the land in dispute. Public statutes and grants may be read in evidence where they constitute the title papers of either party in ejectment. The recitals contained in a deed are admissible as evidence of title or right to possession."

And Section 97-112, W. R. S. 1931, reads in that part pertinent here:

"All deeds, mortgages, conveyances or instruments of any character, concerning any interest in lands within this state, which shall be executed, acknowledged, attested or proved in accordance with the provisions of the laws of this state, or the local laws of any mining district wherein such real estate is situate, in force at the date of such acknowledgment, attestation or proof, may be read in evidence, without in the first instance, additional proof of the execution thereof."

The text last above cited, also, on pages 1160-1161, Section 216, states:

"Under the general rule judgments, orders, records, reports, and the like in other proceedings involving the same land and the same parties, including the record of another case, may be received as evidence of possession or of title or right to possession, and particularly is this so where the purpose is not to show an adjudication of title, but merely to establish a link in plaintiff's claim of title as against defendant who was a party to that suit, even though no decree was passed against him."

Turning to the record before us, with these authorities in mind, we find the plaintiff offered in evidence the deed to the property mentioned above as given by Mr. and Mrs. Shipp to the plaintiff and also the pleadings and the judgment in District Court Case No. 8550 already mentioned. The deed was finally admitted by the court after repeated offers under varying circumstances, though the first offer thereof was sufficient under the statutory law of this state and the citations

above given. It is conceded that the Shipps were in possession of the property when they delivered the deed aforesaid to the plaintiff.

The record in Case No. 8550, offered as stated above as an adjudication between the same parties as in the instant case, establishing the validity of this deed to the identical property in dispute here, was mistakenly excluded by the court. The judgment in that case, as has been noted, had been affirmed by this court on the merits. It established conclusively, so far as these parties and their predecessors in interest, the Shipps, were concerned, and, of course, the defendant, the validity of the deed in question. Every objection relating to the validity of that instrument, which was or could have been raised in that litigation, was set at rest as between these parties by the judgment aforesaid and its affirmance here. It is not the practice of courts to try questions relating to the binding effect of instruments piecemeal. However, it may be noted that the judgment itself in Case No. 8550 was ultimately admitted in evidence through stipulation of the parties. The deed in question recites:

"And the said parties of the first part, for their heirs, executors and administrators, do covenant and agree to and with said party of the second part, its successors or assigns, that it, the said party of the second part, shall and may lawfully, at all times hereafter, peaceably and quietly have, occupy, possess and enjoy the said premises hereby granted, or intended so to be, with the appurtenances, without the lawful hindrance or molestation of the parties of the first part, their heirs and assigns, or of any other person or persons whatsoever, by or with his or their consent, privity or procurement."

The plaintiff clearly made a prima facie case for relief.

Opposed to that case, we find that defendant attempted, by way of defense, to again attack the validity of the deed aforesaid. The trial court correctly ruled

adversely to such procedure. 34 C. J. 944-5, Section 1345, agrees with the ruling of the court in these words:

"When the existence and validity of a deed or other contract is adjudicated, either by being put in issue and tried, or in the sense of being necessarily determined by a judgment enforcing the contract, or refusing to set it aside, the question is conclusively settled by the judgment for the purpose of all further litigation between the same parties, and this rule applies, even though that issue was not raised in the action, since in that case the judgment necessarily implies a finding that the cause of action was valid and enforceable, except where the party objecting was ignorant of the fraud or illegality before the judgment, or was prevented from pleading it."

And this court in Hennessy v. C., B. & Q. Ry. Co., 24 Wyo. 305, 157 Pac. 698, approving a second time the language of Black on Judgments (2d Ed.), Section 754, said:

" 'A party cannot relitigate matters which he might have interposed but failed to do in a prior action between the same parties or their privies in reference to the same subject matter; and, if one of the parties failed to introduce matter for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. If a party fails to plead a fact he might have pleaded or fails to prove a fact he might have proven, the law can afford him no relief. When a party passes by his opportunity the law will not aid him.' The reasons for the rule are obvious. A party should not be put to the trouble and expenses of defending against an alleged liability in several suits which could and should be determined in a single action; and litigation should not be unnecessarily or unduly prolonged."

In Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, Mr. Justice Field, discussing the conclusive effect of a judgment between the same parties upon the same claim or demand, remarked:

"It is a finality as to the claim or demand in contro-

versy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed."

Other than the technical points of procedure concerning revivor and failure of presentation of claim already discussed, there was no other defense interposed. The defendant had no defense on the merits. Both parties moved for a directed verdict, and the court thereupon became the sole arbitrator of the issues in the litigation. Sneider v. Big Horn Milling Co., 28 Wyo. 40, 200 Pac. 1011. The district court was correct in rendering judgment in favor of the plaintiff.

Many other minor points are raised and argued by the defendant in her briefs, but having given them all careful consideration, we conclude they are without merit. The controlling questions herein have all been reviewed and no useful purpose would be accomplished by extending this opinion at greater length.

The judgment of the district court of Natrona County was right and it should be affirmed.

*Affirmed.*

BLUME, Ch. J., and KIMBALL, J., concur.