**Bob ADAMS (Defendant and Third-Party Plaintiff below) Appellant,**

**v.**

**KVWO, INC. (Plaintiff below), Aavon Moving and Storage (Defendant below), and John W. Hough (Third-Party Defendant below) Appellees.**

No. 4753.

Supreme Court of Wyoming.

Oct. 25, 1977.

Walter Urbigkit and Donald J. Sullivan of Urbigkit, Mackey, Whitehead & Sullivan, P. C., Cheyenne, for appellant.

Raymond B. Hunkins of Jones, Jones, Vines & Hunkins, Wheatland, for KVWO, Inc. and John W. Hough, appellees.

James Fitzgerald, Cheyenne, for Aavon Moving and Storage, appellee.

Before GUTHRIE, C. J., RAPER, THOMAS and ROSE, JJ., and ARMSTRONG, D. J., retired.

ROSE, Justice.

By this appeal, defendant-appellant Adams challenges the action of the Laramie County District Court denying by summary judgment his counterclaim and third-party complaint against appellees, KVWO, Inc. (hereinafter KVWO), and Hough; and further challenges the court's action awarding judgment against him in favor of KVWO and Aavon Moving and Storage. We will affirm both decisions of the district court.

## FACTUAL BACKGROUND

In April, 1970, KVWO, and indirectly thereby John W. Hough, purchased from Cheyenne Broadcasting Company (hereinafter CBC) the operating assets of Radio

Station KVWO in Cheyenne, Wyoming, and at the same time leased from CBC certain items of personal property, the eventual subject of this lawsuit. Subsequently, CBC commenced bankruptcy proceedings and a trustee was appointed. In September, 1970, CBC's bankruptcy trustee filed suit in federal court against Hough and KVWO, alleging fraud in the acquisition of the radio station, with actual and intended fraud of existing and future creditors, including Bob Adams who held a security interest in the assets of the station, including its transmitter and office equipment. Adams was subsequently allowed to intervene in this federal action, his complaint in intervention alleging conversion by defendants Hough and KVWO, of his property. All claims were eventually settled except Adams' action for conversion, which was tried and resulted in a verdict for defendants Hough and KVWO.

Also during this time, the bankruptcy trustee terminated the lease agreement as to the personal property of CBC being leased by KVWO. KVWO ceased using the property involved and stored it in the back of its radio station. After numerous attempts to have the rightful owner remove the property, KVWO had the property removed and placed in storage by Aavon Moving and Storage in October, 1971. Although KVWO paid for the initial moving and storage of the equipment, it refused to accept responsibility for future storage charges and ordered that the warehouse receipt for the equipment be placed in the name of the bankruptcy trustee and Bob Adams. Subsequently, after entry of the bankruptcy court's order on March 1, 1973, approving Adams' secured claim and setting the property to him in partial satisfaction thereof, Adams attempted to sell at public auction the equipment held in storage by Aavon. Just prior to the proposed sale, KVWO initiated the action herein against Adams, Aavon, and the bankruptcy trustee to recover the funds paid by it to Aavon for the initial moving and storage and for an equitable assignment of the warehouse receipt covering the equipment involved. The scheduled sale by Adams was then enjoined.

Ultimately, because no one would pay the storage due, and acting upon advice from counsel, Aavon sold the equipment at public auction with the proceeds being applied to the accumulated storage charges.

In response to the action taken by KVWO, Adams denied responsibility for the moving and storage charges and asserted through counterclaim against KVWO and third-party complaint against Hough, that KVWO and Hough had effectively converted his property, had committed fraud and conspired to defeat his security interest in the equipment and assets of the radio station. Just prior to trial, Aavon cross-claimed against Adams for accruing storage charges.

By way of summary judgment entered September 7, 1976, the Laramie County District Court denied Adams' counterclaim against KVWO and his third-party complaint against John W. Hough. Subsequently, following trial to the court only, judgment was entered against Adams in favor of KVWO for $772.74 (initial moving and storage costs), and Aavon for $2,570.52 (balance due on accrued storage and moving), the district court ruling that by his actions in attempting to sell the equipment in storage after having his right to possession set out by the bankruptcy court, Adams ratified the previous actions taken by KVWO and assumed responsibility and liability for the storage charges. This appeal immediately followed.

## DISPOSITION OF ADAMS' COUNTER-CLAIM AND THIRD–PARTY COMPLAINT

Appellant Adams asserts the trial court erred in granting appellees' motion for summary judgment and thus denying his counterclaim and third-party complaint in light of the presence of a substantial issue of material fact. Appellees' response asserts consideration of the issue raised by Adams' counterclaim and complaint is barred by the doctrine of res judicata, and we must agree. A main purpose of the doctrine of res judicata is to prevent a

party's "being vexed twice for the same cause," *Rubeling v. Rubeling,* Wyo., 406 P.2d 283, 284 (1965); 50 C.J.S. Judgments § 592, and considering such purpose, it is clear the doctrine should apply here. The issues of fraud and conversion raised by Adams in the action herein are in essence the very same as those disclosed by the record to have been raised and settled by the federal court action. Such identity of issues is clearly disclosed by a comparison of the pretrial submissions made in federal court with the issues raised herein. Of particular importance is the fact that Adams adopted the pretrial statement of the bankruptcy trustee as to the issues to be tried in the federal suit and included the same by reference in his own pretrial statement. Subsequently, as a result of a pretrial-settlement-conference attended and participated in by Adams and his counsel, all issues except Adams' issue of conversion were disposed of and a pretrial order, consented to by Adams, was entered dismissing with prejudice the trustee's complaint. This order as entered has the equal effect of a judgment on the merit. *State ex rel. Wilson v. Young,* 44 Wyo. 6, 7 P.2d 216 (1932); *Astron Industrial Associates, Inc. v. Chrysler Motors Corporation,* 5 Cir., 405 F.2d 958 (1968); 50 C.J.S. Judgments § 634. Adams could and should have presented his closely related claim of interference with a security interest before entry of the federal court order, which forever barred it as res judicata. *Atlas Realty Co. v. Rowray,* 51 Wyo. 318, 65 P.2d 1122 (1937); *Hennessy v. Chicago B & Q Railway Co.,* 24 Wyo. 305, 157 P. 698 (1916); 50 C.J.S. Judgments § 657. His failure to do so cannot be corrected by an attempt at relitigation of substantially the same issues here. *Astron Industrial Associates, Inc. v. Chrysler Motors Corporation, supra.* And our decision on this question is not altered by the fact that a previous motion for dismissal made by appellees was denied. The previous dismissal-motion was not identical in character to the later motion for summary judgment; and even assuming it was identical, a trial court may, subject only to abuse of privilege, allow renewal thereof. *Hall Oil Co. v.*

*Barquin,* 33 Wyo. 92, 237 P. 255 (1925). The trial court did not err in granting appellees' motion for summary judgment.

## DISPOSITION OF KVWO'S ORIGINAL CLAIM AND AAVON'S CROSS–CLAIM AGAINST ADAMS

■ By appeal from the money judgments against him, Adams asserts that because of the lack of a written assumption of the debt here involved, as required by the statute of frauds, § 16–1, W.S.1957, any finding of ratification is barred. Further, he asserts that even assuming the statute-of-frauds problem does not apply, there was insufficient evidence presented below to support the trial court's rulings. With neither of these assertions can we agree. Under Rule 8(c), W.R.C.P., any defense based on the statute of frauds must be pleaded affirmatively, and this Adams failed to do. The question not being properly raised below, it is therefore not available for consideration by this court for the first time on appeal. *Minnehoma Financial Company v. Pauli,* Wyo., 565 P.2d 835 (1977); *Zwick v. United Farm Agency, Inc.,* Wyo., 556 P.2d 508 (1976). And even assuming, arguendo, the theory is properly before us, the accompanying arguments made are totally devoid of any cogent authority and thus do not merit consideration here. *First National Bank of Thermopolis v. Bonham,* Wyo., 559 P.2d 42 (1977).

■ Additionally, we believe the evidence below, considered as it must be in the light most favorable to appellees is more than sufficient to support the trial court's finding of ratification. *Rissler & McMurry Co. v. Atlantic Richfield Co.,* Wyo., 559 P.2d 25 (1977). The record filed herein reveals that when Adams made preparations for sale of the equipment involved in March of 1973, he agreed to pay all storage charges up to date. Additionally, and perhaps more importantly, at some time prior to the proposed sale, Adams took possession of an office filing cabinet, from storage, paying all storage charges on it and signing a receipt as "owner or authorized agent" in the process. By these actions, we believe it

to be clear that Adams ratified not only the accruing, unpaid storage charges, but the initial moving and storage charges paid by KVWO, as well. *Hayutin v. Gibbons,* 139 Colo. 262, 338 P.2d 1032. While, arguably, at the time the equipment was moved and stored by KVWO Adams was without legal title, the valid security interest which he held was certainly worthy of protection. It was the only real interest of any value then embodied by the equipment and was unquestionably protected by KVWO's action. Even though this protection by storage may well have been initiated by a legally unfavored "volunteer," we agree with the trial court that Adams, through his actions under the circumstances of this case, ratified this "voluntary" protection.

We can perceive no bases upon which to reverse the judgment of the trial court; and the decisions of the district court are affirmed.

Affirmed.